IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,
   Plaintiff,

v.

JOHN DOE,

JOHN DOE 2,

JOHN DOE 3,

   Defendants.

1:16CV790

J. BARRETT

M.J. BOWMAN

**COMPLAINT**

**JURY TRIAL DEMANDED**

Violation of the Federal Telephone Consumer Protection Act (47 U.S.C. § 227, 47 C.F.R. § 64.1200)

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims herein arising under federal law, pursuant to 28 U.S.C. § 1331. This venue is appropriate pursuant to 28 U.S.C. § 1391 because all the telephone calls described in the following paragraphs were received in Clermont County, Ohio.

## FACTS

2. In July 2002, Cincinnati Bell assigned the phone number (513) 947-1695 to my residential telephone line in Amelia, Ohio. That phone number has been assigned to my residential phone line ever since.

1

3. The phone number (513) 947-1695 is on the national Do Not Call registry (http://donotcall.gov) and has been since July 1, 2003.

4. The Defendants do not have an "established business relationship" with me as that term is defined in 47 U.S.C. § 227(a)(2) and 47 C.F.R. § 64.1200(f)(4) and I have not given the Defendants express invitation or permission to call me.

5. The true identities of the Defendants are unknown at this time despite my efforts to determine their identities. It is also possible that more than one person or entity is represented by a John Doe. The Complaint will be amended when the identities are determined.

6. Since May 2016, I have received twelve calls from Defendant John Doe 1 on my residential phone line (513) 947-1695. The purpose of each of call was to sell me a vehicle warranty. My caller ID device displayed the following numbers as the caller's number: 5134435282, 8457678098, and 5136570729.

7. The caller has used various aliases when I asked him to identify who he is calling on behalf of, including "Vehicle Processing Department" and "Dealer Warranty". In the latest call, the caller claimed to be calling on behalf of Toyota.

8. In truth, the caller is not a representative of Toyota.

9. Since May 2015, I have received eleven calls from Defendant John Doe 2 on my residential phone line (513) 947-1695. The purpose of each call was to sell me a vacation package. My caller ID device displayed 2166305554 as the caller's number. During one of the calls, the caller said that he could be called back at 8009865675.

2

10. Since May 2015, I have received twenty calls from Defendant John Doe 3 on my residential phone line (513) 947-1695. The purpose of each call was to sell me a home security system. My caller ID displayed a variety of phone numbers during the calls.

11. Some of the calls from John Doe 3 were initiated with an artificial or prerecorded voice.

12. During the same time frame, I have received telephone calls the purpose of which was to sell me other goods and services, including time shares, health insurance, student loans, and penny stocks. On information and belief, the Defendants may have originated those calls.

## CAUSE OF ACTION

VIOLATION OF THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

13. Each of the telephone calls made by the Defendants described in this Complaint was a telephone solicitation within the meaning of 47 C.F.R § 64.1200(f)(14).

14. Each Defendant willfully violated the Federal Telephone Consumer Protection Act by the actions described in the proceeding paragraphs. Namely, the calls were telephone solicitations made to a number listed on the national Do Not Call registry. 47 U.S.C. § 227(c).

15. For every call described in this Complaint, there exists a 12 month period in which I received more than one call from the same entity in violation of the regulations prescribed under 47 U.S.C. § 227(c).

16. None of the Defendants have implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c).

17. John Doe 3 willfully violated 47 U.S.C. § 227(b) by initiating some of its calls with an artificial or prerecorded voice.

WHEREFORE, the Plaintiff asks that the Court grant him all the following relief:

1. Award the Plaintiff $1500 for each violation of 47 USC § 227(c) and $1500 for each call which violated 47 U.S.C. § 227(b).  See 47 U.S.C. § 227(b)(3), § 227(c)(5) and *Charvat v. NMP, LLC*, 656 F. 3d 440, 448-452 (6th Cir 2011).
2. Award the Plaintiff costs, attorney fees, and interest.
3. Issue a permanent injunction prohibiting each Defendant from violating 47 U.S.C. § 227.
4. Such further relief as may be appropriate.

Respectfully submitted,

Vincent Lucas
P.O. Box 272
Amelia, OH 45102
(513) 947-1695
vincentlucaslegal@gmail.com
Plaintiff

4