UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,

    Plaintiff,

v.

DESILVA AUTOMOTIVE SERVICES, et al.,

    Defendants.

Case No. 1:16-cv-790

Barrett, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

On December 28, 2016, Plaintiff, an experienced *pro se* litigant,[1] filed a motion seeking an extension of time in which to complete service, and for other relief. Plaintiff's motion for an extension of time will be granted, but his motion for additional relief will be denied.

**I.    Background**

The current motion relates to a December 16, 2016 Order of this Court. That Order noted that Plaintiff had initiated this lawsuit on July 27 without identifying <u>any</u> Defendant other than three "John Does," and had failed to serve or identify any Defendant prior to October 27, 2016 as required by Rule 4(m) of the Federal Rules of

---

[1] The undersigned takes judicial notice of the fact that Plaintiff has filed six lawsuits in this Court alone, all containing similar allegations of illegal telemarketing practices. In addition to the above captioned case, see Case No. 1:11-cv-409 (closed), Case No. 1:12-cv-630, Case No. 1:15-cv-108 (closed), Case No. 1:16-cv-1102, and Case No. 1:16-cv-1127. Plaintiff recently filed a "miscellaneous" case, Case No. 1:17-mc-02, that was administratively closed by Magistrate Judge Litkovitz as improperly opened, to the extent it relates to an existing civil case. In addition, Plaintiff's filings in this Court allude to related litigation he has pursued in state court(s).

1

Civil Procedure. In fact, for more than three months Plaintiff had filed nothing of record to indicate that he had taken steps to identify any Defendant or to achieve service on anyone. While the undersigned was engaged in reviewing the matter but prior to entry of the Court's December 16 Order, however, on December 12, 2016, Plaintiff filed an Amended Complaint newly identifying 16 Defendants (6 individual and 10 companies) and terminating the original three "John Doe" Defendants.

As the Court explained in its prior Order, absent a showing of good cause, a Court ordinarily will dismiss a case without prejudice when a Plaintiff identifies only "John Doe" Defendants and fails to achieve timely service.

> 'John Doe' pleadings are an acceptable practice if the 'John Doe' is an actual person or entity that can be identified through discovery and served accordingly." Shepherd v. Voitus, No. 4:14 CV 866, 2015 WL 4599609, at *1 (N.D.Ohio July 29, 2015). However, a plaintiff suing such defendants must comply with Fed. R. Civ. P. 4(m) by serving the "John Does" within the time specified therein. Id. As Williams has neither identified nor served them, they are dismissed from this action without prejudice. See Shulman v. Amazon.com.kydc, LLC, Civ. Action No. 13–5–DLB–REW, 2015 WL 1782636, at *5 n. 6 (E.D.Ky. Apr. 20, 2015) (where plaintiff failed to identify or serve John Doe defendants within the time prescribed by Rule 4(m), dismissal of those defendants was appropriate), *appeal filed* (No. 15-6211) (6th Cir. Nov. 2, 2015).

*Epperson v. City of Humbolt*, 183 F. Supp.3d 897, 908 (W.D. Tenn. 2016) (internal footnote omitted). Based on the record presented, including but not limited to the fact that Plaintiff was more than 50 days out of time (under Rule 4(m)) before he took any action on the record to move this case forward, the December 16, 2016 Order directed Plaintiff to serve his amended complaint upon all newly identified Defendants within thirty (30) days. (Doc. 6).

Plaintiff responded promptly to the Court's December 16th Order in several ways, including by returning proof of service upon Defendant Discount Power, Inc., and by moving for service upon a Mexican Defendant under the Hague Convention. Plaintiff also promptly moved for an extension of the 30 day time period stated in the December 16 Order, until February 3, 2017, to allow him sufficient time in which to obtain a waiver of service. Plaintiff has demonstrated good cause for an extension of time for service on all domestic Defendants, up to and including the requested date of February 3, 2017. By contrast, Plaintiff's request for additional relief will be denied.

II. Analysis of Additional Relief By Irregular Service

Plaintiff seeks an Order directing the Clerk of Court of this district (and/or his employees and agents) to include in a single envelope copies of summons and complaint forms addressed to the same individual, as identified in separate capacities (as an individual defendant, and to the extent that the individual is being served on behalf of an entity, as an officer or registered agent of one or more corporate defendants), if the same address is to be used for both purposes. Plaintiff seeks service by certified mail. Specifically, he seeks the inclusion of the summons for James Filippo, who is identified "individually and as officers or owners of Bizmote" and for Vilfil Trnaslation Services to be mailed in a single envelope addressed only to Mr. Filippo, and for summons for individual Defendant Rodolfo Salazar, who is identified as "individually and in his capacity as owner or officer of NexInteractive, Inc. and 310 Network Inc.", and for both NexInteractive, and 310 Network, to be mailed in a single envelope addressed to Mr. Salazar. Plaintiff argues that these single mailings to Mr.

3

Filippo and to Mr. Salazar would constitute adequate service on both individual and corporate Defendants under Ohio Civil Rule 4.1.

Plaintiff states that he previously followed the same procedure (requesting service upon an individual Defendant and upon the same individual on behalf of an allegedly related company in the same envelope) in both this case and in another pending case, Case No. 1:16-cv-1102. Plaintiff complains that although one or more docketing clerks previously complied with such requests to serve multiple individual and corporate Defendants in the same envelope, a docketing clerk denied his latest request. Plaintiff therefore seeks a "clarification" of Ohio Civil Rule 4.1, arguing that Plaintiff should not be required to serve both the individual Defendants, with separate service (in separate mailings) to the same individuals in their respective capacities as officers or owners of the corporate Defendants. Plaintiff argues that under state law, Ohio Civil Rule 4.1 does not require separate mailings so long as the certified mail service is "consistent with due process standards." *Mitchell v. Mitchell*, 64 Ohio St. 2d 49, 51 (1980). Plaintiff maintains that service should be deemed effective by a single mailing to both the individual Defendant and corporate Defendant. He argues that requiring separate mailings to the same individual (in different capacities) would be "completely unnecessary, inefficient, and not required by [Ohio] Rule 4.1."

Without making any judgment on the validity of Plaintiff's prior service in any case, the undersigned finds the service requested by Plaintiff to be inappropriate under both Local Rule 4.2 and relevant case law. Plaintiff has named both an individual Defendant and a corporate Defendant. These are separate Defendants, each entitled to service under the law. The rules for service on a corporation (through its officer or

4

agent) and for service on an individual are distinct. Even though Plaintiff may allege that the corporation is operating out of an individual Defendant's home address in the present case, or is a sole proprietorship, service upon an individual Defendant may not equal service on the related corporate entity.[2]

Not only does service remain distinct for every Defendant, but by extension, each Defendant retains the right to contest whether service is accepted for the capacity in which he/she or the entity has been identified. Plaintiff's attempt to serve multiple Defendants by addressing one envelope to a single individual (without identifying the company or capacity in which service is sought on the envelope) unnecessarily confuses the validity of service in a manner that will not be pre-authorized by this Court.

Local Rule 4.2 of this Court sets forth the procedure to be followed when a request for waiver of service of process under Fed. R. Civ. P. 4(d) is unsuccessful or is deemed inappropriate, and service by mail upon a domestic Defendant is sought. In relevant part, Local Rule 4.2(a) makes clear that service by mail is to be made upon each Defendant to be served by mail, by placing "a copy of the summons and complaint" (singular) in "the envelope" (singular) addressed "to the person to be served" (singular). In addition, Rule 4.2(a) requires the serving party to

> affix to the back of the envelope the domestic return receipt card, PS Form 3811 (the "green card") showing the name of sender as "Clerk, United States District Court, Southern District of Ohio" at the appropriate address, with the certified mail number affixed to the front of the envelope and the case number shown in a conspicuous location on the return receipt card. The instructions to the delivering postal employee shall require the employee to show to whom delivered, date of delivery, and address where

---

[2] For example, service on an individual may be effected by leaving a copy of the summons and the complaint "with some person of suitable age and discretion then residing" at the individual's home, see Rule 4(e)(2)(B)

5

> delivered. The attorney of record or the serving party shall affix adequate postage to the envelope and deliver it to the Clerk who shall cause it to be mailed.

The domestic return receipt of the "green card" or acknowledgement form generally is used as proof of service if service issues arise, or in the event of entry of default or a default judgment against a non-appearing Defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151 (6th Cir. 1991). Only one green card is affixed to each envelope per the Local Rule, identifying each Defendant to whom service is directed by that mailing. Local Rule 4.2(b) also anticipates a separate mailing for each Defendant, insofar as it requires the Clerk to "enter the fact of mailing on the docket and make a similar entry when the return receipt is received," and to notify the serving party (or counsel) if "the envelope is returned with an endorsement showing failure of delivery." Local Rule 4.2(c) uses a similar singular tense ("the defendant") concerning service by ordinary mail. Under Plaintiff's proposed method, there would be no way for the Clerk or this Court to identify which Defendant (the individual named personally, or the corporate entity) had been served, or – in the case of a failure of service - as to which Defendant the failure of service had occurred.

The Ohio law cited by Plaintiff does not support his contention that service is properly effectuated on multiple Defendants (both individual and corporate) by addressing a single envelope to a single individual Defendant. Case law supports the undersigned's view that separate service by mail upon each Defendant is preferable, if not legally mandated.[3] *See generally Whisman v. Robbins*, 712 F. Supp. 632 (S.D.

---

[3]In *LSJ Inv. Co., Inc. v. O.L.D., Inc.* 167 F.3d 320 (6th Cir. 1999), the Sixth Circuit affirmed the validity of service upon an individual and a related corporation at the address repeatedly given as the address for

Ohio 1988) (holding that service directed to pension plan Trustees was not effective based in part upon failure of returned acknowledgement, and was not otherwise effective under Ohio law because of due process concerns, suggesting that service on Trustees in official capacities or plan is distinct from service on Trustees in their individual capacities).; *see also Bober v. Kovitz, Shifrin, Nesbit*, 2005 WL 2271861 (Sept. 14, 2005) (granting motion to dismiss for improper service of process on law firm and upon individual members of law firm, where plaintiff included fourteen summons and a single copy of complaint in a single envelope that failed to advise the recipient of the nature and importance of the documents being delivered); *Dortch v. First Fidelity Mortgage Co. of Mich., Inc.*, 8 Fed. Appx. 542, 546 (6th Cir. 2001)(unpublished) (holding service was not effective upon CEO in his individual capacity, where service sent by certified mail to the CEO's place of employment, delivery was not restricted to the addressee, and individual Defendant did not sign receipt or otherwise acknowledge receipt of service); *see also generally Coulibaly v. Kerry*, 2016 WL 5674821 (D.C. Sept. 30, 2016) (distinguishing between service on federal official identified in individual capacity and service on same individual in official capacity).

### III. Conclusion and Order

Accordingly, **IT IS ORDERED**:

1. Plaintiff's motion for an extension of time until February 3, 2017 to achieve service on all domestic Defendants (Doc. 10) is GRANTED;

---

both. However, while the identified individual was sued both in his individual capacity and as an officer, it is not clear from the record, and the appellate court did not discuss, whether one or more envelopes was used or how the mailing was addressed.

2. Plaintiff's additional request for an order directing the Office of the Clerk of Court to include multiple service forms for both individual and corporate Defendants in a single envelope addressed only to the individual Defendant is DENIED.

                                                                *s/Stephanie K. Bowman*
                                                                Stephanie K. Bowman
                                                                United States Magistrate Judge