IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VINCENT LUCAS, | : | Case No. 1:16-CV-790-MRB-SKB |
| Plaintiff, | : | Barrett, J. |
| | : | Bowman, M.J. |
| v. | : | |
| DESILVA AUTOMOTIVE SERVICES, et al., | : | **PLAINTIFF'S MOTION TO STRIKE ANSWER OF DISCOUNT POWER INC.** |
| Defendants. | : | |

Pursuant to Fed.R.Civ.P. 12(f), 11(b), and 8(b)(6), I move that Discount Power's Answer be stricken in its entirety. In the alternative, I move that its answer to Am. Compl. ¶¶ 59-63 be stricken and that its defenses described in Part II of the Memorandum In Support be stricken. I also move that the allegations of the Amended Complaint be deemed to be admitted as true by Discount Power to the extent that their denials of the allegations are stricken.

Respectfully submitted,

s/ Vincent Lucas

Vincent Lucas
P.O. Box 272
Amelia, OH 45102
(513) 947-1695
vincentlucaslegal@gmail.com
Plaintiff

Memorandum in Support

Discount Power's Answer refuses to admit anything. They refuse to even admit that they are an electric supply company. Am. Compl. ¶ 62, Ans. ¶ 3. Their refusal to admit is so unreasonable that their Answer deserves to be treated as a sham pleading and stricken in its

1

entirety.  In addition, they raise numerous defenses that are immaterial or insufficient as a matter of law.

I.  Bad faith denials for lack of "knowledge or information"

An allegation may be denied based on a *good faith* lack of knowledge or information.  Rule 8(b)(5).  However, such denial must be "reasonably based on ... a lack of information", Rule 11(b)(4), "after an inquiry reasonable under the circumstances."  Rule 11(b).  "A party, however, may be held to the duty to exert reasonable effort to obtain knowledge of a fact."  *Greenbaum v. United States*, 360 F. Supp. 784, 787 (E.D. Penn. 1973).  "A fact which is denied for lack of knowledge or information may be deemed admitted if the matter is one to which the party does have knowledge or information."  *Id.* at 787-8.  A defendant may not claim lack of information simply to avoid admitting something unfavorable.  Also, a defendant that can, in good faith, deny only part of an allegation "must admit the part that is true and deny the rest."  Rule 8(b)(4).

Discount Power's statement that it is "without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in paragraphs 59, 60, 61, 62 and 63 of Plaintiff's Complaint" (Ans. ¶ 3) is plainly unreasonable and violates the "reasonable inquiry" requirements of Rule 11(b).  The most absurd denial is its denial of Am. Compl. ¶ 62, which alleges "Discount Power is a Competitive Retail Electric Service provider who is subject to the jurisdiction of the Public Utilities Commission of Ohio."  Clearly, Discount Power knows whether it is a Competitive Retail Electric Supplier (CRES) in Ohio and whether it is subject to

the jurisdiction of the PUCO.[1]  Discount Power's denial of something so obviously within its knowledge shatters its credibility with regards to all its other denials.

Discount Power also claims that it is without knowledge or information regarding whether it initiated eight calls to my residential phone line, to sell me residential electric services.  Am. Compl. ¶ 59.  This claim of lack of information or knowledge is also unreasonable under the circumstances.   On Oct. 11, 2016, I sent an email to Discount Power at customerservice@discountpowerinc.com stating my allegations that they called me eight times in violation of the TCPA.  I provided the exact dates of the calls.  On Oct. 31, 2016, I received an email from Peter Siachos (psiachos@gordonrees.com), partner at Gordon & Rees, stating that he represents Discount Power and would like to discuss my allegations.  We communicated by email and telephone numerous times regarding this matter.  Discount Power filed its Answer on Jan. 6, 2017.  That is 87 days after my initial email.  Thus, Discount Power had 87 days to investigate my allegations.  Surely, 87 days is a sufficient time for them to investigate and form a belief as to the truth of my allegation that they made these calls.  Surely, they know whether they made the calls to me.  Discount Power's claim of "lack of knowledge or information" is a sham to avoid admitting that they made the calls.  In *Greenbaum*, 360 F. Supp. 784, and *Soto v. Lord*, 693 F. Supp. 8, 23 n. 28 (S.D.N.Y. 1988), a denial for lack of knowledge was deemed an admission when the defendant failed to examine its own relevant records.

Discount Power's Answer should be stricken and the factual allegations be deemed admitted.

---

[1] Discount Power is listed as an electric supplier on the PUCO's website of alternative electric suppliers for Duke Energy customers.  This demonstrates that Discount Power is a CRES in Ohio and subject to the jurisdiction of the PUCO.
http://www.energychoice.ohio.gov/ApplesToApplesComparision.aspx?Category=Electric&TerritoryId=4&RateCode=1

> [A]n answer asserting want of knowledge sufficient to form a belief as to the truth of facts alleged in a complaint does not serve as a denial if the assertion of ignorance is obviously sham. In such circumstances the facts alleged in the complaint stand admitted.

*American Photocopy Equipment Company v. Rovico, Inc.,* 359 F. 2d 745, 747 (7th Cit. 1966) (quoting *Harvey Aluminum (Incorporated) v. NLRB*, 335 F. 2d 749, 758 (9th Cir. 1964)).

"[F]ailure ... to frankly reply on a matter, which it, ... must have had within its knowledge, exhibits a lack of fairness which completely discredits its statement that it is without knowledge of or information sufficient to form a belief as to the truth of said averment". *Id.* at 746-7.

> That was a matter of record in appellee's control and peculiarly within his knowledge, and, under the law and these circumstances, his answer, saying that he "was without knowledge or information sufficient to form a belief" as to that matter, did not constitute a denial of the averments of the petition on that score nor put them in issue, and, hence, in the law's regard, they stood admitted.

*Mesirow v. Duggan*, 240 F. 2d 751, 756 (8th Cir. 1957).

> This Court, however, has held in several cases that [Rule 8(b)(5)] does not apply if the fact as to which want of knowledge is asserted is to the knowledge of the Court so plainly and necessarily within the defendant's knowledge that his averment of ignorance must be palpably untrue. In such case the resort to the formal denial is plainly in bad faith and for the mere purpose of delay

*Ice Plant Equipment Co. v. Martocello*, 43 F. Supp. 281, 282-3 (E.D. Penn. 1941); *Patterson v. The United States Virgin Islands*, No. 2010-126 (D. VI. May 8, 2013) (https://scholar.google.com/scholar_case?case=7369601979248850189)

> This Court has emphatically disapproved the practice of attorneys making use of the pro forma denials authorized by the [then] new Rules . . . where the matter is one of common knowledge or one as to which the party can inform himself with the slightest effort. The effect and purpose is merely to delay justice.

*Burlington Ins. Co. v. Phillips-Garrett, Inc.*, 37 F. Supp. 3d 1005, 1011 (S.D. Ill 2014).

> A party, however, may not deny sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading. An averment will be deemed admitted when the matter is obviously one as to which defendant has knowledge or information.

4

*Reid v. Liberty Consumer Discount Co. of Pa*., 484 F. Supp. 435, 440 (E.D. Pa. 1980) (citation omitted) (quoting *David v. Crompton & Knowles Corp*., 58 F.R.D. 444, 446 (E.D.Pa. 1973)) (defendant's answer that it lacked knowledge of whether it received a letter from plaintiff was stricken); *Djourabchi v. Self*, 571 F. Supp. 2d 41, 50 (D. D.C. 2008); *Clay v. District of Columbia*, 831 F. Supp. 2d 36, 46-7 (D. D.C. 2011); *Soto*, *supra.*

II.  Immaterial and insufficient defenses

"[D]ismissal under Fed.R.Civ.P. 12(f) is permitted if the defense asserted is invalid as a matter of law. ... If the determination of invalidity can be made at an early stage it will enable the parties to proceed with the litigation in the proper posture." *Owens v. UNUM Life Ins. Co*., 285 F. Supp. 2d 778, 780 (E.D Tex. 2003) (citing *Simpson, v. Alaska State Comm'n for Human Rights*, 423 F.Supp. 552, 554 (D.Alaska 1976)).[2]  Such defenses should be stricken "in order to avoid unnecessary time and money in litigating invalid, spurious issues". *Anchor Hocking Corp. v. Jacksonville Elec. Authority,* 419 F. Supp. 992, 1000 (M.D Fla. 1976).

A.  Immaterial defenses

Many of Discount Power's defenses appear to have been copied from a TCPA defense form manual without any regards to the defenses' relevance to this lawsuit.

Discount Power's Thirteenth, Eighteenth, and Twentieth Defenses are immaterial to the claims against Discount Power.  Plaintiff has not alleged that Discount Power used an ATDS, or an artificial or prerecorded message, or that he was charged for the calls.  These defenses would be relevant to some causes of action under 47 U.S.C. § 227(b), but Plaintiff has alleged only

---

[2] *Accord e.g. U.S. v. Southerly Portion of Bodie Island, NC*, 114 F. Supp. 427, 428 (D.N.C. 1953); *Klemens v. Air Line Pilots Ass'n, Intern*., 500 F. Supp. 735, 738 (W.D. Wash. 1980)

5

violations of § 227(c) by Discount Power. These defenses have no relevance to § 227(c) and Discount Power's Answer does not explain the purported relevance of these defenses.

B. Defenses that fail as a matter of law

Discount Power's statute of limitations, laches, and other time-bar defenses (Fourth and Ninth Defense) fail as a matter of law. The calls started 6/9/2016. The Amended Complaint was filed less than seven months later. Discount Power cites no statute or equitable grounds that impose such a draconian time bar on Plaintiff.

The Sixteenth Defense fails as a matter of law. "There is no duty to mitigate [damages] in TCPA cases." *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 80, 868 N.E.2d 270, 275 (2007); *Powell v. West Asset Management, Inc*., 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011).

As a matter of law, TCPA damages awarded to a private litigant are not an "excessive fine" under U.S. Const. Am. VIII (Seventeenth Defense). Under the Eighth Amendment, a fine is "payment to a sovereign as punishment for some offense." *Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989) (emphasis added). Thus, TCPA damages to a non-government party are not any sort of "fine" at all. *See also Italia Foods, Inc. v. Marinov Enterprises, Inc,* No. 07 C 2494 (N.D. Ill. Nov. 16, 2007)[3] (TCPA damages to individual litigant are not a fine under the Eighth Amendment).

Discount Power does not elaborate on how TCPA damages violate its "due process rights" under the Fifth or Fourteenth Amendment. Similar defenses have been uniformly rejected with respect to TCPA damages awarded in an individual, non-class action context. *Italia Foods; Kenro, Inc. v. Fax Daily, Inc*., 962 F. Supp. 1162, 1167 (S.D.Ind. 1997); *Texas v.*

---

[3] https://scholar.google.com/scholar_case?case=7478837719364413960

*American Blastfax, Inc.*, 121 F. Supp. 2d 1085, 1090 (W.D. Tex. 2000); *Accounting Outsourcing, LLC v. Verizon Wireless Pers. Communs., L.P.*, 329 F. Supp. 2d 789, 809-810 (D. La. 2004).[4]

Discount Power's Twelfth Defense of "privilege" is just bizarre and has no legal basis.

Conclusion

The Answer is a sham pleading and deserves to be stricken in its entirety.

Respectfully submitted,

s/ Vincent Lucas

Vincent Lucas

CERTIFICATE OF SERVICE

On Jan. 27, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Discount Power's attorney of record and the attorneys of record of all other parties who have entered an appearance in this case through the CM/ECF system, and upon Christoper Meier, attorney for Desilva Automotive Services and Nadun Desliva, by email to Christopher.Meier@gmlaw.com, and upon Nicole Gleason, attorney for Freeport Ventures, by email to ngleason@diepenbrock.com, and upon Rodolfo Salazar, 310 Network Inc., and NexInteractive Inc. by first class mail to 830 W Mabel Ave, Monterey Park CA 91754.

s/ Vincent Lucas

---

[4] I believe that Discount Power's other defenses do not have good faith evidentiary support, and will seek Rule 11 or Rule 37(c)(2) sanctions if and when appropriate if they pursue defenses in bad faith.

7