UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,  Case No. 1:16-cv-790

        Plaintiff,  Barrett, J.
                                                     Bowman, M.J.

v.

DESILVA AUTOMOTIVE SERVICES, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

### I.    Introduction

Plaintiff, an experienced *pro se* litigant,[1] has filed the following four motions in this case: (1) a motion to strike answer to complaint; (2) a motion to vacate a summons previously returned as executed; (3) a motion for discovery in aid of service of process upon Defendant Jeffrey Torres; and (4) a motion for an extension of time to serve Defendant Torres.

In addition, Defendants Gregory Filippo, James Filippo and Vilma Filippo have moved to set aside the Entry of Default against them, and to file an Answer and Affirmative Defenses. Counsel for the same group of Defendants has filed a motion for

---

[1]The undersigned takes judicial notice of the fact that Plaintiff has filed six lawsuits in this Court alone, all containing similar allegations of illegal telemarketing practices. In addition to the above captioned case, see Case No. 1:11-cv-409 (closed), Case No. 1:12-cv-630, Case No. 1:15-cv-108 (closed), Case No. 1:16-cv-1102, and Case No. 1:16-cv-1127. Plaintiff recently filed a "miscellaneous" case, Case No. 1:17-mc-02, that was administratively closed by Magistrate Judge Litkovitz as improperly opened, to the extent it relates to an existing civil case. In addition, Plaintiff's filings in this Court allude to related litigation he has pursued in state court(s).

leave to appear *pro hac vice*, as well as a motion seeking an extension of time in which file a reply memorandum in support of the motion to set aside the entry of default. Although briefing time has not yet expired for all motions, the Court finds the information set forth in the record to be sufficient for the Court to address all motions at this time. Three of the motions are considered to be dispositive and are addressed in this Report and Recommendation ("R&R"). The remaining four motions are addressed by separate Order.

## II. Pending Dispositive Motions

### A. Motion To Strike Defendant Discount Power's Answer To Complaint

On January 27, 2017, Plaintiff moved to strike the Answer of Defendant Discount Power, or in the alternative, that portions of the Answer be stricken, including all affirmative defenses. Plaintiff further moves that the allegations in Plaintiff's Amended Complaint be deemed admitted by Discount Power in the event that their Answer (or portions thereof) are stricken. Plaintiff complains that the Defendant "refuses to admit anything," including the fact that they are an electric supply company subject to the jurisdiction of PUCO. (*See* Doc. 14, Answer at ¶3). Based upon what Plaintiff describes as "bad faith denials" for lack of knowledge or information, Plaintiff argues that the Answer constitutes a "sham pleading." (Doc. 32 at 1). Plaintiff repeatedly cites provisions of Rule 11, Fed. R. Civ. P. in support of his motion. Plaintiff alternatively seeks to strike Defendant's affirmative defenses as "immaterial or insufficient as a matter of law." (Doc. 32 at 2).

Pursuant to Rule 12(f), "upon motion made by a party…the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

> The Sixth Circuit has held that "because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953) (internal citations omitted). Thus, such a motion should only be granted "when the pleading to be stricken has no possible relation to the controversy." *Id.*

*U.S. v. American Elec. Power Service Corp.*, 218 F. Supp.2d 931 (S.D. Ohio 2002).

In his reply memorandum, Plaintiff argues that Local Rule 7.1 provides an additional basis for striking the Answer, because Discount Power (as of the date of the reply) had not filed its Rule 7.1 disclosure as required. (See Doc. 53). That deficiency has been remedied, as Defendant filed its corporate disclosure statement on March 10, 2017. (Doc. 62).

On the record presented, the undersigned recommends denying Plaintiff's motion to strike the entirety of the Defendant's Answer. Plaintiff's reliance on Rule 11 is unpersuasive,[2] as is his heavy reliance on case law that is outside of the Sixth Circuit. While Plaintiff may believe that Discount Power's denials of some allegations are unreasonable, the Answer is not so insufficient, redundant, immaterial, impertinent, or scandalous as to warrant it being stricken from the record.

---

[2] Rule 11 provides for striking an unsigned paper unless the omission is promptly corrected. Although the rule contains many additional requirements for pleadings filed with the Court, a motion seeking sanctions by an opposing party under Rule 11 must be served at least 21 days before the motion is filed of record.

3

In contrast to Plaintiff's motion to strike the entirety of the Answer and deem all allegations admitted, the undersigned finds more persuasive Plaintiff's argument in favor of striking as "insufficient as a matter of law," certain defenses. *See e.g., HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp.2d 687, 692 (N.D. Ohio 2010) (holding that pleading requirements for affirmative defense are the same as for claims of relief under Rule 8, striking conclusory, boilerplate defense that lacked relationship to facts in the pleadings and therefore was not plausible). Here, Discount Power's assertion of defenses relating to the statute of limitations, laches, or other time-bar (Fourth and Ninth Defenses), and its Sixteenth Defense (duty to mitigate damages), its defense that TCPA damages to a private litigant constitute an "excessive fine" under the Eighth Amendment of the U.S. Constitution, and/or its "due process" defense (Seventeenth Defense), all appear to be without merit. In response to the arguments and case law cited by Plaintiff in this regard, Defendant offers no countervailing argument or explanation of how the alleged facts could possibly support these affirmative defenses. This Court's review of relevant case law accords with Plaintiff's position that the referenced defenses are unavailable as a matter of law on the facts alleged in the pleadings.

Plaintiff also challenges Defendant's Thirteenth, Eighteenth, and Twentieth defenses as immaterial to causes of action filed under 47 U.S.C. § 227(c). However, Plaintiff concedes that the defenses "would be relevant to some causes of action under 47 U.S.C. §227(b)." Defendant asserts that the face of the complaint does not clearly limit Plaintiff's cause of action, and the undersigned's review confirms that the amended complaint refers to both provisions of 47 U.S.C. §227. (See Doc. 3 at ¶¶1, 65-66).

4

Therefore, Rule 12(f) does not support striking Defendant's Thirteenth, Eighteenth, or Twentieth defenses.

### B. Plaintiff's Motion to Vacate Summons Previously Returned as Executed

On January 31, 2017, Plaintiff filed a motion captioned as a "motion to vacate summons and return of service for Freeport Ventures LLC." (Doc. 33). In that motion, Plaintiff explains that he failed to properly serve his summons and copy of his complaint on the intended Defendant, "Freeport Ventures LLC," which is registered as a domestic LLC in Nevada. Instead, on January 11, 2017, Plaintiff mistakenly requested summons to be issued to an entity of the same name that is registered in California: "Freeport Ventures LLC, c/o Evan Lundin, 8055 Freeport Blvd., Sacramento, CA." (*Id.*; see Doc. 15). Plaintiff admits that the complaint describes the "Nevada" Defendant entity as "a Californian company," but rationalizes that no further amendment of his complaint is necessary because the description "remains true as a description of the [Nevada] Defendant's principal business office." (Doc. 33). He clearly states that the entity known as "Freeport Ventures LLC, registered as a domestic LLC in California, is not a party to this lawsuit." *Id.*

The summons that was mistakenly issued by Plaintiff to a business entity registered in California was returned executed on January 24, 2017. (Doc. 30). An Answer was due on February 9, 2017 but, perhaps understandably in light of Plaintiff's pending motion, no Answer has been filed.[3]  Technically, the properly served California entity is in default.

---

[3] An attorney who identified himself as counsel for the California entity contacted the Court by telephone to inquire whether the Plaintiff's motion would be ruled upon prior to the deadline for filing an Answer. Per

5

The record further reflects that a new summons was issued to Freeport Ventures LLC, registered in Nevada, on February 6, 2017.  That summons was returned executed on February 9, 2017, and an answer was due on March 2, 2017. (Docs. 40, 52).  On March 6, 2017, Plaintiff formally moved for the Entry of Default against the Nevada entity, Freeport Ventures LLC, and the Clerk filed an Entry of Default as to that Defendant on March 7, 2017.  (Docs. 56, 58).

Plaintiff's "motion to vacate summons and return of service" is procedurally irregular, and he fails to cite any authority for the requested relief.  In the interests of justice, Plaintiff's motion is hereby construed as a motion to amend or correct the name of the Defendant initially identified in the amended complaint as "Freeport Ventures, LLC, a California company" to instead reflect "Freeport Ventures, LLC, a Nevada company."  Plaintiff's construed motion to further amend his complaint is granted under Rule 15, without prejudice to any defense that may be presented by the more recently identified Freeport Ventures, LLC, a Nevada company.  Simultaneous to the amendment, Defendant "Freeport Ventures, LLC, a California company" should be dismissed.[4]

---

the practice of this Court, the staff to the undersigned informed counsel that she could not predict the timing of the Court's ruling.

[4] Ordinarily, a motion to amend a complaint, including the substitution of a corrected name of a party, is not considered dispositive.  However, the ruling has been included in this R&R to the extent that Plaintiff's motion has been construed as including the dismissal of the California Defendant, which (facially) appears to have been properly served.

6

### C. Motion of Defendants James Filippo, the Estate of Vilma Filippo, and Gregory Filippo to Set Aside the Entry of Default and to file an Answer

Three Defendants have moved to set aside the entry of Default against them, and to file an Answer out-of-time. Plaintiff opposes the motion except as to the Estate of Vilma Filippo.[5]

In his Amended Complaint, Plaintiff alleges that on five separate days between June 6, 2016 and July 1, 2016, he received telephone solicitation calls to his residential phone line from a company called "Vilfil Translation Services LLC d/b/a Bizmote" ("Vilfil") offering to update a "Google business listing." (Doc. 3 at ¶ 43). Plaintiff further alleges that James and Vilma Filippo are the "sole managers of Vilfil, and that Greg "is the point of contact" between Vilfil and the telephone service provider from which the company obtained the telephone number used to make calls to Plaintiff. (*Id.* at ¶¶ 50-51). On January 23, 2016, Plaintiff filed notices of completed service upon all three Filippo Defendants, indicating that they had been served by certified mail at a residential address listed for James Filippo, at 5236 Espana Avenue on December 28, 2016. Plaintiff moved for entry of default, which the Clerk entered on January 24, 2017. (Docs. 28, 29).

Defendants present strong arguments suggesting that service upon Greg and Vilma Filippo was improper and ineffective. Vilma died in 2014; Plaintiff has now dismissed her. Greg represents that he does not reside and has never resided at the address of James Filippo.[6] Although James does not deny the validity of service as to

---

[5]Plaintiff has filed Notices for the Voluntary Dismissal of all claims without prejudice against Vilma Filippo, Nadum Desilva, and Desilva Automotive Services, LLC. (Docs. 51, 60).
[6]This Court previously denied Plaintiff's request to serve multiple defendants by mailing multiple copies of

7

him, he notes that service by certified mail was delivered over the holidays, on or about December 28, 2016, and included a waiver of service form.  As a result of language on the waiver form indicating that he would have "60 days from 12/23/2106" to serve an answer, James mistakenly believed he had until late February to locate a lawyer.  When he received notice of Plaintiff's motion for entry of default after returning from a vacation on February 6, he notified his son, Greg, and they immediately hired counsel.  Counsel did not delay in filing the motion to set aside the entry of default on February 9, 2017, less than two weeks after the Clerk's entry of default.

In his response in opposition to the motion, Plaintiff argues that "James Filippo does not have an adequate excuse," because he did not return the waiver of service form, and acknowledges receipt of the summons and complaint at his residence.  Plaintiff maintains that James exhibited "culpable conduct" in failing to timely answer such that the default should not be set aside.  In addition, Plaintiff complains that James Filippo has wrongfully refused to claim certified mail to Vilfil Translation Services LLC, an entity for which he is listed as the registered agent.  However, the alleged default of Vilfil is not presently at issue.[7]

This case is in its infancy, with Plaintiff continuing to seek service on one defendant.  The undersigned is not persuaded by Plaintiff's arguments.  Defendants' motion provides ample cause for setting aside the entry of default, including but not

---

a summons and complaint to a defendant at a single address, finding such service to be improper under Local Rule 4.2, among other reasons.  Among the Defendants whom Plaintiff sought to serve in a single envelope were James Filippo, and Bizmote and/or Vilfil Translation Services. (*See* Doc. 22).

[7]Plaintiff sought alternate service upon Vilfil Translation Services under Ohio Civil Rule 4.6(D), and on March 7, 2017, the Clerk filed an Entry of Default against Vilfil. (Doc. 57). The tendered Answer on behalf of the Filippos does not include an Answer on behalf of Vilfil.

limited to the lack of prejudice to the Plaintiff and existence of what may be meritorious defenses. Defendants have tendered an Answer with their motion.

### III. Conclusion and Recommendations

Accordingly, **IT IS RECOMMENDED THAT:**

1. Plaintiff's motion to strike Defendant Discount Power's Answer (Doc. 32) should be GRANTED IN PART, in that the Court should strike the assertion of affirmative defenses presented in Discount Power's Answer (Doc. 14) relating to the statute of limitations, laches, or other time-bar (Fourth and Ninth Defenses), and its Sixteenth Defense (duty to mitigate damages), its defense that TCPA damages to a private litigant constitute an "excessive fine" under the Eighth Amendment of the U.S. Constitution, and its "due process" defense;

2. Plaintiff's motion to vacate a previously returned summons (Doc. 33) is hereby construed as a motion to further amend his complaint in order to substitute the name of Defendant "Freeport Ventures, LLC, a Nevada company," in place of the mistakenly identified "Freeport Ventures, LLC, a California company." The previously served "Freeport Ventures, LLC, a California company," as mistakenly identified as an entity registered in California, should be dismissed with prejudice upon the substitution of the correctly named party;

3. The Filppo Defendants' Motion to Set Aside Default and to File an Answer and Affirmative Defenses (Doc. 50) should be GRANTED.

                                                *s/Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge