UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,                                              Case No. 1:16-cv-790

        Plaintiff,                                              Barrett, J.
                                                                Bowman, M.J.

   v.

DESILVA AUTOMOTIVE SERVICES, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**I.  Background**

Currently pending in this case are three motions that have been addressed by separate Report and Recommendation filed this same day, and four non-dispositive motions addressed by this Order.  Plaintiff, an experienced *pro se* litigant,[1] has filed a motion for discovery in aid of service of process upon Defendant Jeffrey Torres, as well as a motion for an extension of time to serve Defendant Torres.  Defendants have filed motions seeking the *pro hac vice* admission of their chosen counsel to this Court, as well as a motion seeking a brief extension of their deadline for filing a reply memorandum to a pending motion.

---

[1]The undersigned takes judicial notice of the fact that Plaintiff has filed six lawsuits in this Court alone, all containing similar allegations of illegal telemarketing practices.  In addition to the above captioned case, see Case No. 1:11-cv-409 (closed), Case No. 1:12-cv-630, Case No. 1:15-cv-108 (closed), Case No. 1:16-cv-1102, and Case No. 1:16-cv-1127. Plaintiff recently filed a "miscellaneous" case, Case No. 1:17-mc-02, that was administratively closed by Magistrate Judge Litkovitz as improperly opened, to the extent it relates to an existing civil case.  In addition, Plaintiff's filings in this Court allude to related litigation he has pursued in state court(s).

1

## II. Analysis of Pending Motions

**Motions Concerning Service on Defendant Torres**

Plaintiff originally initiated this lawsuit on July 27, 2016, without identifying <u>any</u> Defendant other than three "John Does." He also failed to serve or identify any of the John Doe Defendants prior to October 27, 2016, as required by Rule 4(m) of the Federal Rules of Civil Procedure. In fact, for more than three months Plaintiff had filed nothing of record to indicate that he had taken steps to identify any Defendant or to achieve service on anyone. However, on December 12, 2016, Plaintiff filed an Amended Complaint newly identifying 16 Defendants (6 individual and 10 companies) and terminating the original three "John Doe" Defendants. (Doc. 3).

The Court directed Plaintiff on December 16 to complete service within thirty (30) days. (Doc. 6). However, for good cause shown, the Court later granted Plaintiff's motion for an extension of time to perfect service on all domestic Defendants, until February 3, 2017. (Doc. 22).

Plaintiff recently filed two additional motions that seek limited discovery and additional time in which to perfect service on Defendant Jeffrey Torres, who Plaintiff states is the only Defendant who has yet to be served. (*See* Doc. 63). For the reasons stated in both motions, which are unopposed, the requested relief will be granted up to and including May 15, 2017.

However, and contrary to the Plaintiff's contention, the undersigned does not view Rule 4(d)(2) as mandating that all expenses incurred in serving Mr. Torres, including the expense of discovery and/or identifying the place of service, be imposed on Mr. Torres. Rule 4(d)(2), Fed. R. Civ. P. is intended to impose the ordinary costs of

service upon a defendant who fails "without good cause, to sign and return a waiver requested by a plaintiff located within the United States." At this point in time, Plaintiff has not located or served Mr. Torres with a waiver; therefore, the cost-shifting rule is inapplicable. In addition, because this case has now been pending for nearly 8 months, Plaintiff is forewarned that the Court is unlikely to grant future extensions for service on this lone remaining Defendant.

### Defendants' Motions

Counsel for Defendants Gregory Filippo, James Filippo and the Estate of Vilma Filippo has filed a motion for leave to appear *pro hac vice*. All relevant conditions for such admission appearing to have been satisfied, Defendant's motion is granted.

Defendants also seek an extension of time in which to file a reply memorandum in support of setting aside the Clerk's Entry of Default against them. Because the undersigned does not require further briefing and the R&R filed this same day addresses the same pending motion, their motion for extension will be denied.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED**:

1. Plaintiff's motions for an additional extension of time to complete service upon Defendant Jeffrey Torres, and to conduct discovery on a related corporation to discover the residential address or Mr. Torres and/or a location where he can be served, (Docs. 35, 63) are **GRANTED** up to and including May 15, 2017;

2. Defendants' motion for leave to permit counsel to appear *pro hac vice* (Doc. 61) is **GRANTED**.

3. The Filippo Defendants' unopposed motion for an extension of time to file a reply memorandum (Doc. 64) is **DENIED AS MOOT** in light of the Report and Recommendation filed today;

4. Based upon the R&R that recommends setting aside the Entry of Default against them, the Filippo Defendants shall appear and file their Answer and Affirmative Defenses (Doc. 50-1) on or before **March 31, 2017**. Absent rejection of the pending R&R, the Answer of the Filippo Defendants shall be considered as if timely filed.

          *s/Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge