**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

VINCENT LUCAS,                         Case No. 1:16-cv-790

         Plaintiff,                         Barrett, J.
                                          Bowman, M.J.

      v.

DESILVA AUTOMOTIVE SERVICES, et al.,

         Defendants.

## REPORT AND RECOMMENDATION

**I.    Background**

Plaintiff, an experienced *pro se* litigant,[1] initiated this lawsuit over a year ago, on July 27, 2016, by paying the requisite filing fee and filing a complaint that alleged that three "John Doe" Defendants violated federal law by engaging in illegal telemarketing practices. Plaintiff initially failed to identify (or to serve) any of the "John Doe" Defendants within the 90 days allowed by Rule 4(m), Fed. R. Civ. P., prompting this Court to enter an order on December 16, 2016 directing him to do so by a date certain. (Doc. 6). Plaintiff subsequently sought and received several extensions of time to serve some of the seventeen Defendants identified as parties to this case, and the

---

[1] Plaintiff has filed at least 8 lawsuits in this Court alone, all containing similar allegations of illegal telemarketing practices. In addition to the above captioned case, *see* Case No. 1:11-cv-409 (closed), Case No. 1:12-cv-630, Case No. 1:15-cv-108 (closed), Case No. 1:16-cv-1102, Case No. 1:16-cv-1127 (closed), Case No. 1:17-cv-47 (closed); Case No. 1:17-cv-374 (closed). Plaintiff also filed a "miscellaneous" case, Case No. 1:17-mc-02, that was administratively closed by Magistrate Judge Litkovitz as improperly opened, to the extent it related to an existing civil case. In addition, Plaintiff's filings in this Court allude to related litigation he has pursued in state court(s).

remaining "John Doe" Defendants were dismissed. On September 12, 2017, the undersigned granted Plaintiff leave to file a second amended complaint, and entered a preliminary calendar order by directing discovery to commence and to be completed by March 16, 2018. (Doc. 106).

Currently pending before the undersigned are approximately a dozen motions, most of which have been filed by Plaintiff Lucas. On October 16, 2017, the undersigned held a telephonic conference to set a scheduling order, and entertained brief oral argument on pending motions, in part to determine whether the parties could reach agreement on their disposition. Having confirmed that the parties' view that a written judicial ruling was required, the undersigned now files this Report and Recommendation ("R&R").[2] In lieu of addressing the motions in the chronological order in which they were filed, the undersigned addresses them grouped in a manner that serves this Court.

## II. Analysis of Pending Motions

**A. Defendants' Motion to set aside Entry of Default (Doc. 104); Plaintiff's motion for entry of Default Judgment Against 310 Network Inc. and NexInteractive Inc. (Doc. 68); Plaintiff's Motion to Strike Defendants' Answer to Second Amended Complaint and Motion To Set Aside Default (Doc. 115)**

Defendants NexInteractive, Inc. and 310 Network, Inc. have moved the Court to set aside the Clerk's Entry of Default (Doc. 69) and for an Order permitting Defendants to file their Answer and Affirmative Defenses to Plaintiff's first amended complaint, Instanter. Plaintiff has filed a memorandum opposing the motions, arguing in part that

---

[2] Some of the pending motions arguably are non-dispositive and could be addressed by Order. However, based upon the related nature of the motions, and for the convenience of the Court, all are addressed in this R&R.

2

the Defendants have failed to show "good cause" for setting aside the default.[3] (Doc. 112). Although the undersigned finds just cause to set aside the Entry of Default for all of the reasons stated in Defendants' motion, the undersigned further concludes, in accord with the case law cited in Defendants' reply memorandum (Doc. 114), that the filing of Plaintiff's second amended complaint on September 15, 2017 renders moot the prior entry of default. Defendants have timely filed an answer to the second amended complaint. Therefore, the Defendants' motion should be granted only to the extent necessary to clarify that Defendants are no longer in default, but otherwise should be denied.

The recommended ruling on Defendants' motion to set aside the entry of default leads to the conclusion that Plaintiff's motion for entry of default judgment against the same two corporate Defendants (Doc. 68) also should be denied as moot. *See also generally, Johnson v. Mahlman*, Case No. 1:16-cv-503-SKB-TSB, 2016 U.S. Dist. LEXIS 167377 at *2 (S.D. Oh, Nov. 3, 2016)(collecting cases that hold that a newly amended complaint supersedes prior pleading, that motion for default judgment made on prior pleading should be denied, and/or that prior entry of default is mooted), R&R adopted on December 5, 2016.

Last, the undersigned declines Plaintiff's invitation to strike Defendants' Answer to the Second Amended Complaint or to Strike Defendants' Motion to Set Aside the prior entry of default. Plaintiff argues that the two corporate Defendants "lack legal capacity to defend themselves," because the corporate status of NexInteractive Inc.

---

[3]Previously, this Court granted, over Plaintiff's objection, the Filippo Defendants' motion to set aside an Entry of Default against them. (Docs. 65, 75).

allegedly has been suspended by the California Franchise Tax Board for failure to meet tax requirements, and because 310 Network Inc. allegedly has forfeited its "corporate powers" under California law. However, the undersigned finds no legal basis under *federal* law to ignore Defendants' appearance in this Court, even assuming that Plaintiff is correct that under California law, the same Defendants could not presently appear to defend themselves in California state court.[4]

Plaintiff also argues that the two corporations have not yet obtained relief from the Entry of Default, and that the individual Defendant Salazar has not yet been granted leave to amend his answer, but both of those arguments are rendered moot by the rulings recommended in this R&R.

### B. Motion for Leave to File Amended Answer by Defendants 310 Network Inc, NexInteractive Inc., and individual Defendant Rodolfo Salazar (Doc. 103); Plaintiff's Motion for Judgment on the Pleadings or Default and Default Judgment Against Salazar (Doc. 68); Plaintiff's Motions for Rule 11 Sanctions (Docs. 87, 117, 120)

Defendant Rodolfo Salazar, newly represented by the same attorney who appears on behalf of Defendant NexInteractive Inc. and 310 Network, Inc., moved for leave to file an Answer out-of-rule, or in the alternative, for leave to file an Amended Answer to Plaintiff's first amended complaint. The motion is worded in the alternative because the record reflects that on January 12, 2017, a summons was returned as executed as to Defendant Salazar for a previous version of Plaintiff's complaint. (Doc. 19). On April 18, 2017, the Clerk docketed correspondence that was interpreted as Defendant's "Pro Se Answer" to the original complaint, (Doc. 74), and on May 30, 2017,

---

[4] Plaintiff concedes that under state law, both entities could take steps to restore their corporate status in California.

4

the Clerk docketed additional correspondence construed as an answer to Plaintiff's first amended complaint. (Doc. 89).

In addition to Salazar's initial pro se construed Answers to Plaintiff's original and first amended complaints, on July 21, 2017, Salazar filed a document captioned as a "Request to Remove Rodolfo Salazar as Defendant, Request for Dismissal," with a similar caption added for the corporate Defendants, 310 Network, Inc. and NexInteractive Inc. The Clerk construed and docketed the document as a "motion to dismiss" filed by all three Defendants identified in the caption. (Doc. 98).

Plaintiff has objected to and filed motions concerning all pro se filings by Salazar. On March 20, 2017, Plaintiff argued that Salazar's letter did not "qualify" as an Answer, and moved for entry of judgment on the pleadings and/or for entry of default and default judgment against Salazar. (Doc. 68). On May 16, 2017, Plaintiff first filed a motion for sanctions against Salazar based upon what Plaintiff argues are statements that violate Rule 11 of the Federal Rules of Civil Procedure. (Doc. 87). Plaintiff subsequently filed a second motion seeking similar relief, (Doc. 117), as well as a third motion for sanctions against Salazar based upon his allegedly unauthorized practice of law, by virtue of what Plaintiff asserts is Salazar's unauthorized representation of the two corporate Defendants. (Doc. 120).

Notwithstanding Plaintiff's objections, the undersigned would have found just cause to grant the now-represented Salazar's motion for leave to file an Amended Answer or, alternatively, to file an initial Answer out-of-rule. However, as Salazar's counsel points out, his prior pro se motion and construed Answers have been rendered

5

fully moot by the filing of Plaintiff's second amended complaint, to which (through counsel) Salazar timely filed a new Answer.

Because Defendant Salazar timely answered Plaintiff's most recently filed second amended complaint, Plaintiff's motion for judgment or for entry of default judgment against that Defendant also should be denied as moot. In addition, the undersigned finds no basis for the imposition of sanctions either under Rule 11 or other law, based upon Salazar's prior pro se filings. Although Plaintiff is correct that a pro se litigant cannot represent any other person, and that a corporate entity cannot appear pro se in federal court, the fact that Salazar appears not to have understood that principle when he filed a "motion to dismiss" on behalf of both himself and the two corporations does not mean that sanctions should be imposed. Indeed, Salazar's motion to dismiss the first amended complaint also should be denied as moot in light of the filing of Plaintiff's second amended complaint.[5]

### C. Motion to Voluntarily Dismiss Claims Against James Filippo, Gregory Filippo, Protect Us Now, LLC and Vilfil Translation Services LLC (Doc. 94)

On June 19, 2017, Plaintiff moved to dismiss with prejudice all claims against Defendants James Filippo, Gregory Filippo, Protect Us Now, LLC,[6] and Filfil Translation Services, LLC. The motion also seeks to "sever such claims from this case." The motion indicates that it has been filed with the consent of all identified Defendants. Plaintiff's motion to voluntarily dismiss the referenced Defendants with prejudice should

---

[5] Defense counsel represented in the telephone conference that he intends to file a new motion to dismiss, asserting a lack of personal jurisdiction, in the near future.

[6] At the time Plaintiff filed this motion, Protect Us Now, LLC was not yet a party to this case. However, Protect Us Now, LLC was added as a newly identified Defendant in Plaintiff's second amended complaint, filed on September 15, 2017.

6

be granted, but the additional "motion to sever" should be denied as moot and because it adds unnecessary confusion to the record.

### D. Motion for Default Judgment Against Callvation LLC and Jeffrey Torres (Doc. 93)

Plaintiff properly served Defendant Callvation, LLC with his first amended complaint, and when that Defendant failed to timely appear, Plaintiff obtained an entry of default. (Doc. 58). Plaintiff sought and obtained "discovery in aid of service of process" upon Defendant Torres, whom Plaintiff has described as a manager of Callvation. (Docs. 35, 63, 66). On April 17, 2017, Plaintiff issued summons of his first amended complaint to the address that he believes to be the correct Defendant Torres.[7] When Torres failed to timely appear, Plaintiff also obtained an entry of default against him. (Docs. 78, 85, 86).

On June 8, 2017, Plaintiff filed a motion for entry of default judgment against both Callvation and Torres. (Doc. 93). As previously discussed, Plaintiff's second amended complaint renders moot the prior entries of default against both Defendants on Plaintiff's first amended complaint. For that reason alone, Plaintiff's motion for entry of default judgment should be denied. However, the Court writes briefly to note several concerns that appear from the face of Plaintiff's motion concerning the motion for default judgment on his first amended complaint.

First, the Court notes that Plaintiff chose not to serve either Callvation or Torres with the motion, citing Rule 55(b)(2)(stating that notice is required only "[i]f the party against whom judgment by default …has appeared" and *Disney Enterprises, Inc. v.*

---

[7] Plaintiff's motion for discovery identified a total of 113 individuals named "Jeffrey Torres" in Florida, any of whom could have been the proper defendant.

7

*Farmer*, 427 F. Supp.2d 807, 815 (E.D. Tenn 2006). Although service on a non-appearing Defendant may not be required under Rule 55(b)(2), Plaintiff is forewarned that courts and commentators alike have "gone to considerable lengths to impose the requirement that notice be given of an application for a default judgment" even when a defendant has failed to make a "formal" appearance in Court. *See Ford Motor Co. v. Cross*, 441 F. Supp.2d 837, 847 (E.D. MIch. 2006)(citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure:* Civil 3rd § 2686). From Plaintiff's motion, it is apparent that Plaintiff has been at least in telephone contact with Torres. The Court therefore encourages Plaintiff to attempt some form of service of any future motion on Mr. Torres.

Second, this Court has previously directed Plaintiff's attention to case law that disfavors the piecemeal entry of default judgments prior to the conclusion of a case. Cognizant of that case law, and of Rule 54(b)'s requirements to provide a basis for a more immediate entry of final judgment, Plaintiff cites to Florida records stating that Callvation has been dissolved and to a newspaper article, dated March 7, 2017, suggesting that Callvation already faces a $240,000 fine from the State of Mississippi for violating telemarketing laws. Plaintiff further states in an affidavit that Defendant Torres currently lives with his parents and has informed Plaintiff that he will file bankruptcy. To the extent that Callvation is dissolved, the basis for awarding prospective injunctive relief is unclear.

Third, Plaintiff seeks an award in the amount of $3800 per call for two separate calls, dated May 16 and June 1, 2016, consistent with prior awards made by this Court in some of the other cases that Plaintiff has litigated, offering various alternative legal

8

theories to support that amount. Considering that the present motion for default judgment is moot, the undersigned has not closely examined the legal theories cited by Plaintiff. Still, the Court notes that in the first amended complaint on which the motion is based, Plaintiff alleges that Callvation made the two calls as an "agent" of "Allied Vehicle Protection," which is the business name of another Defendant, DeSilva Automotive Services, LLC. (*Id.,* at ¶¶23-24). Since the filing of his prior complaint, Plaintiff has dismissed Defendant DeSilva Automotive Services, LLC, and in his second amended complaint, it is notable that Plaintiff has omitted the allegations that Callvation made the calls on behalf of that Defendant. Moreover, while Plaintiff alleges that the first call was made by an artificial or pre-recorded female voice pitching DeSilva's product on May 16, 2016, he alleges that during the second call on June 1, 2016, "the caller never said anything" and hung up after precisely 21 seconds. (Doc. 3, Amended Complaint, at ¶¶ 16, 17). While the law may or may not support Plaintiff's position, it does not appear to be a foregone legal conclusion that the same monetary liability would attach for a call on which no words were spoken and the caller hung up.

Regardless of these concerns, if Plaintiff serves Defendants with his second amended complaint and obtains new entries of default, he may refile a new motion for default judgment. Unless and until those events occur, however, his motion should be denied.

### III. Conclusion and Recommendation

For all of the reasons discussed above, **IT IS RECOMMENDED THAT:**

1. Plaintiff's motions for default judgment against 310 Network Inc. and NexInteractive Inc., and for judgment on the pleadings or default and default

9

judgment against Rodolfo Salazar (Doc. 68), and Plantiff's motion for default judgment against Callvation LLC and Jeffrey Torres (Doc. 93) should be DENIED;

2. Plaintiff's motions for sanctions (Docs. 87, 117, 120) should be DENIED;

3. Plaintiff's motion to dismiss voluntarily the claims against James and Gregory Filippo, Protect Us Now, LLC and Vilfil Translation Services, LLC (Doc. 94) should be GRANTED, with all claims against those Defendants to be dismissed with prejudice. However, the portion of the same motion to "sever" claims against those Defendants should be denied;

4. Defendant Salazar's motion to dismiss (Doc. 98), as well as his motion for leave to file an amended answer and answer to amended complaint (Doc. 103) should be DENIED as moot;

5. Defendant Salazar's motion to set aside the prior entry of default against him (Doc. 104) should be GRANTED to the extent that the Clerk's prior entry (Doc. 69) should be VACATED as moot in light of the filing of Plaintiff's second amended complaint and Salazar's timely filed Answer to that complaint;

6. Plaintiff's motion to strike various filings by Defendants Salazar, 310 Network, Inc., and/or NexInteractive Inc., (Doc. 115) should be DENIED;

                                                                  s/Stephanie K. Bowman
                                                                  Stephanie K. Bowman
                                                                  United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,   Case No. 1:16-cv-790

    Plaintiff,   Barrett, J.
        Bowman, M.J.

    v.

DESILVA AUTOMOTIVE SERVICES, et al.,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).