**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

VINCENT LUCAS,

      Plaintiff,

V.

DESILVA AUTOMOTIVE SERVICES, et al.,

      Defendants.

CASE NO.: 1: 16-cv-790-MRB-SKB

J. BARRETT

M.J.  BOWMAN

**ORDER**

      Plaintiff Vincent Lucas – who is proceeding *pro se* – alleges that Defendants violated federal law by engaging in illegal telemarketing practices.

      This matter is before the Court on Plaintiff's November 2, 2017 objections (Doc. 123) to the magistrate judge's report and recommendation (Doc. 122), which objections challenge the recommended disposition of the following motions: (1) Plaintiff's Motion for Default Judgment against NexInteractive Inc. and 310 Network, Inc. (Doc. 68); (2) "Plaintiff's Motion for Judgment on the Pleadings or Default and Default Judgment Against Rodolfo Salazar" (Doc. 68); (3) Plaintiff's Motion for Rule 11 Sanctions Against Rodolfo Salazar (Doc. 87); (4)  Plaintiff's Motion for Default Judgment Against Callvation, LLC and Jeffrey Torres and Entry of Final Judgment under Rule 54(b) (Doc. 93); and (5) Plaintiff's Motion to Strike (Doc. 115).[1]

      Defendants 310 Network Inc., NexInteractive Inc., and Rodolfo Salazar filed a

---

[1] Although not subject to the report and recommendation (Doc. 122), the Court **GRANTS** Plaintiff's pending motion to strike (Doc. 99) Defendant Salazar's July 2017 motion to dismiss (Doc. 98), because the *pro se* motion was filed out-of-time and without leave.

response (Doc. 125) to the objections on November 16, 2017.  This matter is ripe for review.

## I.    BACKGROUND

The magistrate judge accurately described this case's procedural history (Doc. 122), which will not be summarized here except to state the following:

The undersigned agrees with the magistrate judge's recent description of this case's procedural history as "long and troubled," requiring "the Court's attention more than most." (Doc. 138; PageID 890).  Plaintiff alone has filed approximately 30 motions. The magistrate judge recently warned the Parties of the Court's dislike for gamesmanship. (*Id.* at 891).  The Parties should proceed in accordance with the foregoing admonition from the magistrate judge, which admonition the undersigned echoes entirely.

With that, the Court will turn to Plaintiff's objections.

## II.    ANALYSIS

This Court shall consider objections to a magistrate judge's order on a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).

The Court addresses Plaintiff's objections below, but not necessarily in the Order in which he presents them.

**A. "The Magistrate [Judge] should have recommended granting the Motion for Default Judgment against Callvation and Jeffrey Torres and entry of final judgment against them under Rule 54(b)." (Plaintiff's Objection II)**

Plaintiff argues that the magistrate judge should have granted his motion for default judgment against Defendants Callvation LLC and Jeffrey Torres, specifically objecting to the magistrate judge's conclusion that his "second amended complaint render[ed] moot the prior entries of default against both Defendants on Plaintiff's first amended complaint." (Doc. 122; PageID 751). Plaintiff argues that the second amended complaint cannot render moot the prior entries of default, because the second amended complaint never became "operative." He offers the following logic: his second amended complaint added no new claims against Defendants Callvation LLC and Torres; thus, he was not required to serve his second amended complaint on Defendants Callvation LLC and Torres, pursuant to Rule 5(a)(2); thus, he never served the second amended complaint, consistent with Rule 5(a)(2); thus, it never became operative against Defendants Callvation LLC and Torres; thus, it cannot render moot the prior entries of default.

Rule 5(a)(2) states: "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." According to Plaintiff, Rule 5(a)(2) requires this Court to treat his second amended complaint as operative upon service, not filing. For the reasons stated below, this argument fails.

Numerous courts have held that an amended complaint becomes operative upon

filing, thus mooting a clerk's prior entry of default. *Johnson v. Mahlman*, No. 1:16-cv-503, 2016 U.S. Dist. LEXIS 167377, at *2 (S.D. Ohio Nov. 3, 2106) (citing *Mercer v. Csiky,* No. 08-11443, 2010 U.S. Dist. LEXIS 64777 (E.D.Mich. June 30, 2010)(collecting cases)). *Accord*: *Ross v. Teleperformance USA, Inc.*, No. 3:13-cv-00038, 2013 U.S. Dist. LEXIS 69595, at *3 (S.D.Ohio May 16, 2013); *Saint-Gobain Autover, USA, Inc. v. Fuyao Glass Indus. Group Co.*, No. 05-71079, 2005 U.S. Dist. LEXIS 38111, *4-*5 (E.D. Mich. Dec. 16, 2005); *United States ex rel. Simplex Grinnell, LP v. Aegis Ins. Co.*, No. 1:08-cv-01728, 2009 U.S. Dist. LEXIS 18707, *4 (M.D. Penn. March 5, 2009); *Rock v. Am. Express Travel Related Servs. Co.*, No. 1:08-CV-0853, 2008 U.S. Dist. LEXIS 101909, *4-*5 (N.D.NY Dec. 17, 2008). Plaintiff does not entirely disagree with the foregoing rule. Indeed, he appears to concede that an amended complaint can moot a clerk's prior entry of default, but argues that the entry becomes moot only once the amended complaint is served, because until then the amended complaint is not "operative." (Doc. 123-1; PageID 765). Plaintiff relies on a non-binding Second Circuit case to support the foregoing proposition of law. *Intern. Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2nd Cir. 1977). However, Plaintiff misconstrues *Vesco*, and ignores later caselaw interpreting it.

In *Vesco*, the Second Circuit considered "the point in time" at which an amended pleading becomes operative. *Id.* at 669. Initially, the Second Circuit recognized the "well established" rule that "an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Id.* at 668. Tacitly recognizing that the *filing* of the amended complaint is usually the point at which the amended complaint becomes operative, *Vesco* created one exception: where the amended complaint must be

*personally* served on a particular defendant pursuant to Rule 5(a)(2), the amended

complaint does not supersede the original complaint as to that defendant until personal

service is effected. *Id.* at 669 ("We agree with the court below [that the original

complaint is not superseded until the amended complaint is served], *at least where*, as

here, the amended complaint is *required to be served* under Rule 5(a).") (emphasis

added). In this limited situation, a prior entry of default relating to the original complaint

is not automatically mooted by the filing of an amended complaint. The Second Circuit

articulated the following rationale:

> If it appeared that . . . [obtaining personal] service [a second
> time] on even one defendant would be difficult . . . the
> plaintiff might well have to decide not to file an amended
> complaint, since failure to serve it would, under the rule
> urged by appellant, leave the plaintiff, which had once had
> an effective complaint (the original), without any remaining
> effective complaint on which it could obtain judgment.

*Id.* In other words, under *Vesco*, a plaintiff who has personally served a defendant once

should not be placed <u>in a worse position</u> if he is unable to personally serve the same

defendant a second time. For example, in *Vesco*, the plaintiff was never able to effect

personal service of the amended complaint, which added a new claim against a

defendant who had already defaulted on the original complaint. To avoid unfairness to

the plaintiff, the district court entered default judgment on the original complaint. *Id.* at

670. The Second Circuit affirmed. *Id.* ("Accordingly, in the circumstances of this case,

we cannot hold void the judgment entered on the original complaint.").

But *Vesco* creates an exception, not a rule, because the vast majority of

amended complaints are excused from personal service. Where an amended pleading

is excused from *personal* service on a defaulting defendant – like Plaintiff's second

amended complaint – the "logical extension of *Vesco* is that [such a] pleading . . . becomes the operative document on *filing*, not on service." *Allstate Ins. Co. v. Yadgarov*, No. 11 Civ. 6187, 2014 U.S. Dist. LEXIS 30068, at *15 (E.D.N.Y. Feb. 10, 2014) (emphasis added).[2]

The Court recognizes that this principle may be confusing. To make this Court's interpretation of *Vesco* perfectly clear – and to illustrate why *Vesco*'s default rule operates fairly in the majority of situations, and why its exception rectifies potential unfairness in the minority of situations – the undersigned will offer the below (perhaps overly exhaustive) explanation of the interplay between *Vesco*'s default rule and its single exception.

> 1. In the Majority of Situations, Treating an Amended Complaint as Operative Upon Filing Does Not Trigger the Concerns Outlined by the *Vesco* Court

In *Vesco*, the Second Circuit was concerned with protecting a plaintiff's ability to amend his or her complaint to add a new claim against a defendant in default, without fear that an inability to effect personal service a second time would deprive him or her of the ability to fall back on the original complaint, which *was* successfully served. 556 F.2d at 669. That is, a plaintiff who has personally served a defendant once should not be punished if he is unable to personally serve the same defendant a second time. However, the *Vesco* concern is triggered relatively infrequently, because effecting personal service on a single defendant more than once is rarely required. Excluding situations where a defendant waives personal service, there are six general scenarios

---

[2] For the purposes of determining who is a "defaulting defendant" under FRCP 5(a)(2), "no entry of default by the clerk is required." *Id.* at *14. Under Rule 5(a)(2), a party is in default "if it does not appear within the time proscribed for answering or otherwise responding to the complaint[.]" *Id.* The same rule applies in the Sixth Circuit. *See, e.g., Beamer v. Fadel-II Foods*, Civil Action No. 10-CV-10104, 2012 U.S. Dist. LEXIS 43562, at *2 n.2 (E.D. Mich. Mar. 29, 2012).

to consider:

   a.  **Plaintiff fails to serve the original complaint on Defendant A; plaintiff later files an amended complaint adding no new claim against Defendant A**:  The amended complaint becomes <u>operative upon filing</u> because the concerns articulated in *Vesco* are not present.  *Vesco* was not drafted to protect a plaintiff who amends his complaint without first having effected personal service of the original complaint on Defendant A.  That is, a failure to effect personal service of the amended complaint on Defendant A does not leave plaintiff in a worse position with respect to Defendant A.

       Thus, to be able to pursue any form of relief against Defendant A, personal service of the amended complaint is required.

   b.  **Plaintiff fails to serve Defendant B the original complaint; Plaintiff later files an amended complaint adding a new claim against Defendant B:**  The amended complaint becomes <u>operative upon filing</u> because the concerns articulated in *Vesco* are not present.  *Vesco* was not drafted to protect a plaintiff who amends his complaint without first having effected personal service of the original complaint on Defendant B.  That is, a failure to effect personal service of the amended complaint on Defendant B does not leave plaintiff in a worse position with respect to Defendant B.

       Thus, to be able to pursue any form of relief against Defendant B, personal service of the amended complaint is required.

   c.  **Plaintiff serves original complaint on Defendant C; Defendant C timely answers or responds; Plaintiff amends complaint but adds no new claim against Defendant C:**  In this scenario, service of the amended complaint is required, but not personal service, because Defendant C has appeared.  Fed. R. Civ. P. 5(a)(1)(B); 5(b).  The amended complaint becomes <u>operative upon filing</u> because the concerns articulated in *Vesco* are not present.  That is, failure of personal service will not leave plaintiff without an "effective complaint" against Defendant C, *see Vesco*, 556 F.2d at 669, because personal service of the amended complaint is not required.

   d.  **Plaintiff serves original complaint on Defendant D; Defendant D timely answers or responds; Plaintiff files amended complaint that adds new claim against Defendant D:**  Service of the amended complaint is required, but not personal service, because Defendant D has appeared.  Fed. R. Civ. P. 5(a)(1)(B); 5(b).  The amended complaint becomes <u>operative upon filing</u> because the concerns articulated in *Vesco* are not present.  That is, failure of personal

service will not leave plaintiff without an "effective complaint" against Defendant D, *see Vesco*, 556 F.2d at 669, because personal service of the amended complaint is not required.

e. **Plaintiff serves original complaint on Defendant E; Defendant E fails to timely answer or respond; Plaintiff files amended complaint but adds no new claim against Defendant E (*i.e.,* the scenario in the present case):** Service of the amended complaint is not required, personal or otherwise. Fed. R. Civ. P. 5(a)(2). The amended complaint becomes <u>operative upon filing</u> because the concerns articulated in *Vesco* are not present. That is, failure of personal service will not leave plaintiff without an "effective complaint" against Defendant E, *see Vesco*, 556 F.2d at 669, because service is not required for the amended complaint to become operative against Defendant E. *See Yadgarov*, 2014 U.S. Dist. LEXIS 30068, at *15.

f. **Plaintiff serves original complaint on Defendant F; Defendant F fails to timely answer or respond; Plaintiff files amended complaint that adds new claim against Defendant F (i.e., the *Vesco* exception):** Personal service of the amended complaint is required. Fed. R. Civ. P. 5(a)(2). As it relates to Defendant F, the amended complaint becomes <u>operative upon **service**</u>, creating the only exception to the default rule, because the concerns articulated in *Vesco* are present. A contrary rule could leave plaintiff without an "effective complaint" against Defendant F, *see* 556 F.2d at 669, if Plaintiff is unable to effect personal service a second time. In other words, treating the amended complaint as operative upon filing may leave plaintiff without a means of obtaining judgment against Defendant F. Thus, if a plaintiff fails to personally serve Defendant F with the amended complaint, where personal service is required under Rule 5(a)(2), a plaintiff may properly fall back on the original complaint for the narrow purpose of seeking default judgment against Defendant F. Where the amended complaint also names any combination of Defendant A through E, or any one of them, the amended complaint will remain operative upon filing against all other defendants.

As shown above, a default rule deeming an amended complaint operative upon filing against a named defendant rarely results in the injustice highlighted in *Vesco*, hence the reason *Vesco* created an <u>exception</u> to a general rule. Therefore, this Court interprets *Vesco* and its progeny as embracing the default rule that an amended complaint automatically supersedes the original complaint as the operative complaint

upon *filing*, with one narrow exception where personal service of an amended complaint is required under Rule 5(a)(2), *i.e.*, a situation that does not exist in this case.[3] Furthermore, the above framework largely prevents the undesirable scenario in which a docket may become cluttered with multiple, partially operative amended complaints (depending on the status of service in multi-defendant litigation), creating confusion and uncertainty. *Yadgarov*, 2014 U.S. Dist. LEXIS 30068, *37, *39 ("Clarity is not possible if . . . a plaintiff can file an amended complaint on the docket then select through service when and if that pleading becomes operative[.]").[4]

2. Applying *Vesco*, Plaintiff's Argument Fails

Here, Plaintiff mistakenly believes that – should this Court opt to follow *Vesco*, which again is non-binding – the *Vesco* holding would save his prior entry of default. It does not. Defendants Callvation LLC and Torres were served with an early version of the complaint, but they failed to appear. The clerk docketed clerks' entries of default as to both defendants. (Doc. 58; Doc. 86). Thereafter, Defendant moved for default judgment. (Doc. 93). While the motion was pending, Plaintiff filed the second

---

[3] For the purposes of determining who is a "defaulting defendant" under FRCP 5(a)(2), "no entry of default by the clerk is required." *Id.* at *14. Under Rule 5(a)(2), a party is in default "if it does not appear within the time proscribed for answering or otherwise responding to the complaint[.]" *Id.* The same rule applies in the Sixth Circuit. *See, e.g., Beamer v. Fadel-II Foods*, Civil Action No. 10-CV-10104, 2012 U.S. Dist. LEXIS 43562, at *2 n.2 (E.D. Mich. Mar. 29, 2012).

[4] Plaintiff's citation to Ninth Circuit and First Circuit cases relying on *Vesco* does nothing to change this Court's interpretation. While the Ninth Circuit broadly held that "[t]he exact point of supersedure . . . occurs when the amended complaint is effectively served, not when it is filed," the facts of that case deal with "Scenario F," where a contrary rule might have placed the plaintiff in a worse position for having amended the complaint to add a new claim. *See Anunciation v. W. Capital Fin. Servs. Corp.*, No. 95-15845, 1996 U.S. App. LEXIS 24784, at *7-8 (9th Cir. Sep. 19, 1996). Such facts are not present with respect to Plaintiff's claims against Defendants Callvation LLC and Torres. Furthermore, the First Circuit case avoids making a broad holding regarding the moment of supersedure – simply calling defendants' argument regarding supersedure "doubtful" – and goes on to correctly parse scenarios triggering Rule 5(a)(2), from other scenarios, just as this Court has done. *See Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008)

amended complaint against all parties, but did not specifically add new claims against Defendants Callvation LLC and Torres. (Doc. 108). Plaintiff has adamantly maintained that his second amended complaint need not be served on Defendants Callvation LLC and Torres, per Rule 5(a)(2), because it adds no new claims for relief against them. This is true. Applying the *Vesco* framework, Defendants Callvation LLC and Torres would fall into the "Defendant E" category, meaning that the second amended complaint (Doc. 103) became operative against them upon filing. Treating the second amended complaint as operative against them, even though it need not be served on them, results in no injustice to Defendants Callvation LLC and Torres because they are already on notice of the claims. As a result, Plaintiff's prior entry of default was issued based on an inoperative complaint, so the Court cannot enter default judgment against Defendants Callvation LLC and Torres unless Plaintiff moves based on the amended, operative complaint. *Yadgarov*, 2014 U.S. Dist. LEXIS 30068, at *42 (recommending that "Plaintiffs' motion for default judgment and the Clerk's entries of default as to the Subject Defendants be deemed moot in light of the Amended Complaint, and that Plaintiffs' motion be denied, without prejudice to seek entry of default and move for a default judgment based on the operative pleading") (adopted by 2014 U.S. Dist. LEXIS 30067, at *6 (E.D.N.Y. Mar. 5, 2014)). To be clear, the Court is not holding that the answer clock restarts for Defendants Callvation LLC and Torres. *See, e.g., Yadgarov*, 2014 U.S. Dist. LEXIS 30068, at *25. However, for the sake of clarity on the docket, a plaintiff must seek default judgment based on the operative complaint. *Yagdarov*, 2014 U.S. Dist. LEXIS 30068, at *40-41. Thus, the magistrate judge properly recommended denial of Plaintiff's Motion for Default Judgment (Doc. 93).

Plaintiff's objection is overruled.

**B. "The Magistrate [Judge] should have found that 310 Networks, Inc. and NexInteractive, Inc. lack capacity to defend themselves and should have granted my Motion to Strike (Doc. 115) as it pertains to those defendants." (Plaintiff's Objection I)**

Plaintiff argues that the "suspended" status of Defendants 310 Network, Inc. and NexInteractive, Inc. in California means that they are legally barred from presenting a defense to suit, and that their responsive pleadings should thus be stricken. In effect, Plaintiff argues that all such corporations must take a default in all courts, in all jurisdictions (state or federal), in all situations. Plaintiff's objection is not well-taken.

Capacity to sue or be sued in federal court is governed by Federal Rule of Civil Procedure 17(b). Under this Rule, an individual's capacity is determined by "the law of the individual's domicile"; a corporation's capacity is determined by "the law under which it was organized"; and the capacity of "all other parties" is determined by "the law of the state where the court is located." Fed. R. Civ. P. 17(b)(1), (2), (3). There are two exceptions to Rule 17(b)(3), the first of which is relevant to this case. Rule 17(b)(3)(A) states that a "partnership or other unincorporated association" that lacks the capacity under the law of the state in which the court is located "may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws."

Plaintiff raises his capacity argument in his Motion to Strike (Doc. 115), citing Rule 17 and *Fresno Rock Taco, LLC v. National Surety Corporation*, No. 1:11-cv-00845-SKO, 2014 U.S. Dist. LEXIS 123567, at *8 (E.D. Cal Sep. 2, 2014) to support the proposition that a suspended California corporation lacks capacity to present a defense. Plaintiff's reliance on *Fresno Rock* is misplaced.

11

In filing this suit under 47 U.S.C. 227, Plaintiff has invoked this Court's federal question jurisdiction. In *Fresno Rock,* the plaintiff invoked the *diversity* jurisdiction of the court. *See* Verified Complaint for Breach of an Insurance Contract; Breach of the Covenant of Good Faith and Fair Dealing; Wrongful Refusal to Pay Insurance Claim (Doc. 1-1), *Fresno Rock Taco, LLC v. National Surety Corporation*, No. 1:11-cv-00845-SKO (E.D. Cal. ). Apparently, Plaintiff would have this Court follow a district court case from the Eastern District of California, while ignoring Ninth Circuit precedent distinguishing capacity as it relates to federal question jurisdiction, from capacity as it relates to diversity jurisdiction. Where a party invokes the court's federal question jurisdiction, the Ninth Circuit has treated suspended California corporations as the equivalent of "unincorporated associations,"[5] which have capacity to sue or defend suit where enforcement of a right existing under the United States Constitution or laws is at issue. *Sierra Asso. for Env't v. Fed. Energy Regulatory Com.*, 744 F.2d 661, 662 (9th Cir. 1984) ("SAFE's ability under California law as a suspended California corporation to initiate suit would be relevant if this action were under our diversity jurisdiction. But because this action arises under federal law, SAFE had capacity to sue as an unincorporated association, Fed.R.Civ.P. 17(b)(1), and any incapacity under California law is accordingly irrelevant."). *Accord*: *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 819 (9th Cir. 1996); *California Darts Ass'n v. Zaffina*, 762 F.3d 921, 928 (9th Cir. 2014). Plaintiff ignores the foregoing precedent from the Ninth Circuit entirely.

Ultimately, Plaintiff chose to sue in federal court to enforce the laws of the United

---

[5] For purposes of applying Rule 17, federal law governs the definition of "unincorporated association." *Idaho's High Desert*, 92 F.3d at 820. "Courts have generally defined an 'unincorporated association' as 'a voluntary group of persons, without a charter, formed by mutual consent for the purpose of promoting a common objective.'" *Id.* *Accord*: *Rush v. City of Mansfield*, 771 F. Supp. 2d 827, 843-44 (N.D. Ohio 2011).

States.  Despite their suspended status, Defendants 310 Network, Inc. and NexInteractive, Inc. have each mobilized to present a defense in their respective common name.  On this issue, the Court is persuaded that the proper course is to treat these two corporations as "unincorporated associations," which – regardless of state law on capacity – may "be sued" where enforcement of a federal right is at issue. Because this Court is exercising its federal question jurisdiction over the TCPA claim, and Rule 17(b)(3)(a) confers on Defendants 310 Network, Inc. and NexInteractive, Inc. the capacity to present a defense, so to may they present a defense to the claims over which this Court exercises supplemental jurisdiction.  A contrary reading of Rule 17, requiring Defendants 310 Network, Inc. and NexInteractive, Inc. to take a default on the corresponding non-federal claims, would lead to the absurd result of requiring defendants to admit facts that necessarily trigger liability under the federal claim.   As Rule 17(b)(3)(A) grants Defendants 310 Network, Inc. and NexInteractive, Inc. capacity to present a defense, the Court will not read it as only allowing them to present a hamstrung defense.  Nor will it read California authority as requiring Defendants 310 Network, Inc. and NexInteractive, Inc. to take a default on non-federal claims, thereby undermining their defense to the federal claim, because California law has no place in the Rule 17(b)(3)(A) analysis.

Based on the foregoing, the magistrate judge properly denied Plaintiff's Motion to Strike (Doc. 115) as it pertains to Defendants 310 Network, Inc. and NexInteractive, Inc. Indeed, nothing about Rule 17 or *Taco Rock* compels this Court to strike the pleadings of Defendants 310 Network, Inc. and NexInteractive, Inc., and thus Plaintiff cannot use Rule 17 to force them to take a default judgment.  Therefore, pursuant to Fed. R. Civ. P.

17(b)(3)(A), Plaintiff's capacity-based objection is overruled.

### C. "The Magistrate [Judge] should have recommended entry of default judgment against 310 Network and NexInteractive." (Plaintiff's Objection IV)

Plaintiff also argues that the magistrate judge should have granted his Motion for Default Judgment (Doc. 93) against Defendants 310 Network, Inc. and NexInteractive, Inc. Plaintiff's first argument pertains to the purported lack of capacity of Defendants 310 Network, Inc. and NexInteractive, Inc. to defend suit, which argument was rejected *supra*.

Plaintiff's second argument challenges the magistrate judge's conclusion that the filing of Plaintiff's "second amended complaint on September 15, 2017 renders moot the prior entry of default." (Doc. 122; PageID 747). Plaintiff advances the same argument he advanced with respect to Defendants Callvation LLC and Torres. That is: his amended complaint added no new claims against Defendants 310 Network, Inc. and NexInteractive, Inc.; thus, he was not required to serve his amended complaint on Defendants 310 Network, Inc. and NexInteractive, Inc., pursuant to Rule 5(a)(2); thus, he never served the second amended complaint, consistent with Rule 5(a)(2); thus, it never became operative against Defendants 310 Network, Inc. and NexInteractive, Inc.; thus, it cannot render moot the prior entries of default. Consistent with this Court's analysis in Section II.A, *supra*, this argument fails.

Finally, regardless of the substance of his objection, Plaintiff did not properly preserve the necessary, companion objection. Specifically, the magistrate judge declined to enter default judgment against Defendants 310 Network, Inc. and NexInteractive, Inc. for multiple reasons, and the mootness issue was an *alternative*

basis: "Although the undersigned finds just cause to set aside the Entry of Default for all of the reasons stated in Defendants' motion, the undersigned *further concludes*, in accord with the case law cited in Defendants' reply memorandum, that the filing of Plaintiff's second amended complaint on September 15, 2017 renders moot the prior entry of default." (Doc. 122; PageID 747) (emphasis added; internal citation omitted). To be clear, the "reasons stated in Defendants' motion" set forth Defendants' excusable neglect analysis, which the magistrate judge accepted as an *independent* basis to deny Plaintiff's motion for default judgment. (*Id.*) However, in his objections (Doc. 123-1), Plaintiff advances no arguments challenging this separate, independent basis for denying the motion. Where a party fails to object to a magistrate judge's primary basis for denying relief, the district court need not consider objections to the magistrate judge's alternative basis. *Quillen v. Warden, Marion Corr. Inst.*, No. 1:12-cv-160-MRB-KLL, 2013 U.S. Dist. LEXIS 45733, at *15-16 (S.D. Ohio Mar. 29, 2013) (declining to consider objection to a conclusion of magistrate judge where conclusion was not outcome determinative). *Accord*: *Dankovich v. Keller*, No. 16-13395, 2017 U.S. Dist. LEXIS 150456, at *9 (E.D. Mich. Sep. 15, 2017) (same).

Accordingly, Plaintiff's objection is overruled.

**D. "The Magistrate [Judge] should have recommended granting my Motion to Strike as it pertains to Salazar and recommended judgment on the pleadings against Salazar." (Plaintiff's Objection V)**

Plaintiff objects that the Magistrate Judge should not have permitted Defendant Salazar to file an answer to the second amended complaint out of time, and that instead the Magistrate Judge should have recommended that his motion for default judgment against Defendant Salazar be granted.

### 1. Additional Background

On July 27, 2016, Plaintiff filed his original complaint (Doc. 1), but amended it shortly thereafter (Doc. 3). On January 12, 2017, the amended complaint was served on Defendant Salazar (Doc. 19).

Defendant Salazar did not timely file an answer or other responsive paper. Plaintiff sought and obtained a clerk's entry of default. The clerk docketed such an entry, due to Defendant Salazar's failure to timely answer the amended complaint (Doc. 29).

On March 20, 2017, Plaintiff filed a motion for default judgment against Defendant Salazar (Doc. 68). On April 18, 2017, Defendant Salazar (proceeding *pro se*) sent a letter to the Court, which the Clerk docketed as an answer to the amended complaint (Doc. 74). On May 20, 2018, Defendant Salazar sent another letter to the Court, which the Clerk also docketed as an answer (Doc. 89).

On July 21, 2018, Salazar filed *pro se* a document styled as a "motion to dismiss" Defendants 310 Network, Nexinteractive, Inc., and himself, which document the Court docketed as a motion to dismiss. (Doc. 98) Plaintiff asked the Court to strike the filing (Doc. 99), which motion the Court has granted. *See* n. 1, *supra.* Plaintiff also argued that, as corporations, Defendants 310 Network and NexInteractive, Inc. must appear via an attorney. (*Id.*)

On August 21, 2018, an attorney appeared on behalf of Defendants 310 Network, NexInteractive, Inc., and Salazar. (Doc. 101). On behalf of the foregoing Defendants, counsel moved for leave to file an answer out of time or, in the alternative, leave to file an amended answer. (Doc. 103). The same day, counsel moved for leave to set aside the clerk's entry of default. (Doc. 104).

On September 15, 2018, Plaintiff filed his second amended complaint (Doc. 108).

On October 19, 2017, the Magistrate Judge issued her R&R which disposed of multiple motions pending before the Court, including Plaintiff's Motion for Default Judgment against Salazar (Doc. 68), and Defendant Salazar's motion for leave to file an answer out of time or, in the alternative, leave to file an amended answer (Doc. 104). As to the Motion for Default (Doc. 68), the Magistrate Judge denied the Motion because she found the Clerk's entry of default, which was based on a prior complaint, moot and vacated it. (Doc. 122; PageID 750, 754). As to the Motion for Leave (Doc. 104), the Magistrate Judge granted Defendant Salazar leave to file answer (Doc. 104-1) through his attorney, reasoning that: (1) the answer was timely, given Plaintiff's decision to file a second amended complaint; and (2) regardless, there was "just cause" to allow the answer, even if it were deemed untimely. (Doc. 122; PageID 749-50).

### 2. Salazar's Pleadings Should Stand

Plaintiff objects that the Magistrate Judge should not have granted Defendant Salazar leave to file an answer through counsel, and that instead the Magistrate Judge should have recommended that his motion for default judgment be granted. These arguments fail for many of the same reasons already articulated above.

### a. Motion for Default

As discussed above, the clerk's entry of default against Defendant Salazar was mooted once Plaintiff filed his second amended complaint. Defendant Salazar, having defaulted on an earlier complaint, is akin to Defendants Callvation, LLC, Torres, 310 Network, and NexInteractive, Inc. (all "Scenario E" defendants). As a defendant in default, Defendant Salazar was not necessarily "entitled" to service of an amended

complaint adding no new claims against him, even though he received such service anyway.  Regardless, it was incumbent upon Plaintiff to seek an entry of default against Defendant Salazar based on the second amended complaint which became operative upon filing.  Thus, the Magistrate Judge was correct to deny the Motion for Default.  Plaintiff's objection, as it relates to the issue of default, is not well-taken.

### b.  Motion for Leave

The Court also agrees with the Magistrate Judge's decision to grant Defendant Salazar leave to file an answer through counsel, although the undersigned arrives at this conclusion via a different route.

The Magistrate Judge offered two independent reasons for granting the Motion (Doc. 103):  (1)  the answer was a timely responsive paper to the second amended complaint, which Plaintiff filed after seeking default judgment against Defendant Salazar; and (2) regardless, there was just cause to allow the answer to stand.  (Doc. 122; PageID 749-750).

Regarding the first reason offered by the Magistrate Judge, the Court is hesitant to rule that Defendant Salazar's answer to the second amended complaint was timely.  While the Court recognizes that Defendant Salazar received electronic service of the second amended complaint through his attorney, the Court is not entirely convinced that the answer clock restarted for him at that time, given that the second amended complaint added no new claims against him.  See *Yadgarov*, 2014 U.S. Dist. LEXIS 30068, at *25.  However, the Court need not resolve this issue.  As shown below, they are not outcome determinative as the Magistrate Judge's alternative basis – specifically, her finding of just cause to file initial answer "out of rule" – was alone sufficient to grant

Defendant Salazar's Motion.  Furthermore, Plaintiff's objections to the Magistrate Judge's finding of just cause are not persuasive.  In opposition to Defendant Salazar's just cause arguments, Plaintiff advanced arguments regarding:  (1) bad faith, (2) undue delay; (3) "repeated failure to cure deficiencies"; (4) prejudice; and (5) futility.

Regarding bad faith, Plaintiff argued that Defendant Salazar's personal liability defense is a "giant lie," that his offered job title is a "big lie," that his affidavit is a "lie," that his statements are "unbelievable," and that he generally is a "liar and has no credibility."  (Doc. 113; PageID 684-85)).   The support Plaintiff offers fails to establish bad faith at this juncture, although they could possibly be matters Plaintiff should explore in discovery should he ever wish to proceed to the merits phase of this litigation in earnest.  The Court is also not convinced that Defendant Salazar's initial attempt to respond to the litigation Plaintiff initiated, on behalf of himself and Defendants 310 Network, Inc. and Nexinteractive, Inc., amounts to the unauthorized practice of law.

Regarding undue delay and failure to cure deficiencies, Plaintiff argues that – after Defendant Salazar submitted his first letter to the Court, and purportedly being told that it did not comply with Rule 8 – it took Defendant Salazar several months to get it right.  Upon review of the docket, Defendant Salazar first appeared and attempted to contact the Court via letter in April 2017 (Doc. 74).  He submitted another letter on May 30, 2017 (Doc. 89).  In July, he attempted to file a motion to dismiss (Doc. 98), which the Court has stricken.  *See* n. 1, *supra*.  Later, he retained counsel, who appeared on August 21, 2017 (Doc. 101).  Shortly thereafter, Defendant Salazar's attorney started filing papers directed toward curing any deficiencies in the pleadings.  Based on the foregoing facts, Plaintiff would have the magistrate judge and the undersigned find

undue delay and failure to cure deficiencies as a matter of law. However, Plaintiff failed to direct the Court (both in his briefing to the magistrate judge, and his objections) to any authority where another court has made such a finding under facts analogous to this case.

Regarding prejudice, Plaintiff offered only conclusory remarks about being prejudiced by certain "refusals" of Defendant Salazar. (Doc. 113; PageID 685). His bald assertion is insufficient.

Regarding futility, Plaintiff offered only the following: "Salazar's defense is doomed to fail and therefore futile," arguing that if Defendant Salazar "had a legitimate defense, he would not lie about his role at the corporations." (*Id.* at 686). This conclusory futility argument is also insufficient.

Ultimately, Plaintiff's objections to the "just cause" finding are not persuasive. The Court will adopt the magistrate judge's recommendation that this court accept the filing as an "initial answer" filed out of rule.[6] Plaintiff's objections are overruled.

**E. "If the Court does not strike the Amended Answer (Doc. 109) in its entirety, it should strike certain affirmative defenses that have no merit." (Plaintiff's Objection VI)**

Plaintiff argues that, if the Court allows the answer to stand (as it has done), certain affirmative defenses should be stricken. Specifically, Plaintiff argues that Salazar forfeited his personal jurisdiction and improper venue defenses.

---

[6] Plaintiff's initial *pro se* letters were construed by the clerk and docketed as answers, but the Court is not convinced they should be treated as such. Plaintiff appears to concede that the letters are not easily classifiable. (Doc. 68; PageID 261). Indeed, Defendant Salazar's letters could be construed as inquiries to the Clerk's Office about whether the summons/complaint were legitimately issued by the Clerk, as Defendant Salazar feared that he had received essentially a counterfeit summons. (Doc. 68; PageID 269). *See also* Doc. 112-3, PageId 682. Thus, under the specific facts of this case, the Court declines to treat Defendant Salazar's letters as his initial responsive papers.

Under Rule 12(h)(1), a party forfeits personal jurisdiction and venue defenses by:

**(A)** omitting [them] from a motion in the circumstances described in Rule 12(g)(2); or

**(B)** failing to either:

    **(i)** make [them] by motion under this rule; or

    **(ii)** include [them] in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

In other words, "Rule 12(h)(1)(B) . . . requires a defendant to either (i) 'make' [its defense] in a pre-answer motion or (ii) simply 'include' the defense in the answer. The rule gives a defendant the option to preserve the defense in either manner, *provided he has not already filed a motion under Rule 12 that did not assert the defense.*" *King v. Taylor*, 694 F.3d 650, 656 (6th Cir. 2012) (emphasis added). *Accord*: Fed. R. Civ. P. 12(g)(2). A represented party may be bound by its prior, *pro se* motions that failed to assert the defense. *State Auto Ins. Co. v. Thomas Landscaping & Constr., Inc*, 494 F. App'x 550, 554 (6th Cir. 2012) (holding that the "district court did not err in relying on [defendant's *pro se*] Answer," which was never stricken, when it found the jurisdiction and waiver defenses to have been waived).

Additionally, a party that technically complies with Rule 12(h) may still waive personal jurisdiction and venue defenses if the party creates a " 'reasonable expectation that the defendant will defend the suit on the merits or whether the defendant has caused the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *King*, 694 F.3d at 659. In making this determination, the Court considers "all of the relevant circumstances." *Id.*

Here, Plaintiff argues that Defendant Salazar waived his personal jurisdiction and venue defenses because they were not included "in his original answer or motion permitted by Rule 12." However, the defense *is* included the original answer (Doc. 109), as this Court has declined to treat Defendant Salazar's *pro se* letters to the Clerk as his initial pleadings. *See* n. 6, *supra*. Furthermore, Salazar's only motion pre-dating the answer has been stricken, per Plaintiff's request. *See* n. 1, *supra.* Therefore, there has been technical compliance with Rule 12(h). *King*, 694 F.3d at 656; *Thomas Landscaping*, 494 F. App'x at 554. Furthermore, the Court is not persuaded that Defendant Salazar's early conduct in this litigation created the "expectation" that he intended to defend on the merits. Indeed, Plaintiff has argued that Defendant Salazar's early resistance to participating in this litigation amounts to sanctionable conduct. Plaintiff cannot have it both ways.

Accordingly, Plaintiff's forfeiture objection is overruled.

**F.   "The Magistrate [Judge] should have recommended sanctions against Salazar[.]"  (Plaintiff's Objection III)**

Plaintiff contends that Defendant Salazar should be sanctioned for: (1) making "deceitful statements" to the Court; (2) engaging in the unauthorized practice of law; and (3) pursuing frivolous defenses. (Doc. 123-1: PageID 773).

**1.  "Deceitful Statements"**

Plaintiff contends that "mistakes of law might be forgivable," but there is "no excuse for a pro se litigant lying to the court about facts of the case." (Doc. 123-1; PageID 766). Thereafter, Plaintiff cites largely the same information he used to support his "bad faith" argument, addressed *supra*. For the same reason the Court

rejected his bad faith argument above, the Court declines to sanction Defendant Salazar at this juncture for purported misrepresentations.

### 2. Unauthorized Practice of Law

Likewise, the Court declines to sanction Defendant Salazar for "unauthorized practice" of law for the same reasons articulated by the magistrate judge.

### 3. Frivolous Defenses

Finally, Plaintiff argues that Defendant Salazar should be sanctioned for pursuing a personal jurisdiction defense, which is purportedly "frivolous" because he "already waived it."  (Doc. 123-1; PageID 773).  According to Plaintiff, "continuing to advocate" for the defense amounts to sanctionable conduct.  Consistent with the Court's analysis in Section II.E, *supra*, the Court disagrees.

The objection is overruled.

### III.    CONCLUSION

Consistent with the above, the Court **OVERRULES** Plaintiff's objections to the R&R (Doc. 122).  Accordingly, the Court **ADOPTS** the following recommendations of the magistrate judge:

1. Plaintiff's motions for default judgment against 310 Network Inc. and NexInteractive Inc., and for judgment on the pleadings or default and default judgment against Rodolfo Salazar (Doc. 68), and Plaintiff's motion for default judgment against Callvation LLC and Jeffrey Torres (Doc. 93), are **DENIED**;

2. Plaintiff's motions for sanctions (Docs. 87, 117, 120) are **DENIED**;

3. Plaintiff's motion to dismiss voluntarily the claims against James and Gregory Filippo, Protect Us Now, LLC and Vilfil Translation Services, LLC (Doc. 94) are **GRANTED**, with all claims against those Defendants dismissed with prejudice. However, the portion of the same motion to "sever" claims against those Defendants is **DENIED**;

4. Defendant Salazar's motion to set aside the prior entry of default against him (Doc. 104) is **GRANTED,** because the Clerk's prior entry (Doc. 69) is **VACATED** as moot.

5. Plaintiff's motion to strike various filings by Defendants Salazar, 310 Network, Inc., and/or NexInteractive Inc., (Doc. 115) is **DENIED**.

Because the undersigned also **GRANTS** Plaintiff's Motion to Strike (Doc. 99), the Court also rules as follows:

6. Defendant Salazar's motion to dismiss (Doc. 98) is **STRICKEN**; and

7. Defendant Salazar's motion (Doc. 103) for leave to file an answer to second amended complaint out of time is **GRANTED**.

**IT IS SO ORDERED.**

*s/ Michael R. Barret*t
_____
Hon. Michael R. Barrett
United States District Judge