THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION CINCINNATI

VINCENT LUCAS,

    Plaintiff,

vs.

DESILVA AUTOMOTIVE SERVICES, ET AL.,

    Defendants.

Case No.1:16-CV-00790-MRB

Judge Michael R Barrett

**ORDER**

This matter is before the Court on Plaintiff's Objections to the magistrate judge's report (Doc. 161) recommending: (1) that the Salazar Defendants' motion to dismiss for lack of personal jurisdiction (Doc. 124) be granted; and (2) Plaintiff's motion for civil and/or criminal contempt (Doc. 146) be denied. Plaintiff timely filed objections (Doc. 163), and Defendants timely responded (Doc. 164). This matter is ripe for disposition.

**I.    BACKGROUND**

The procedural and factual background of this case has been recited in several prior orders, and will not be fully restated here. In sum, however, Plaintiff seeks to hold the three Salazar Defendants liable for four telephone calls he received on separate dates in February 2015. Plaintiff advances claims under the Telephone Consumer Protection Act ("TCPA"), the Ohio Telephone Solicitation Act, the Ohio Consumer Sales Practices Act, and for alleged regulatory violations of the Public Utility Commission of Ohio. (Doc. 108). The TCPA generally imposes liability

1

upon those who "initiate" illegal calls or upon the "seller on whose behalf a call is made[.]" *In re Dish Network, LLC*, 28 FCC Rcd. 5674, 2013 WL 1934349 (May 9, 2013).

On May 1, 2018, the magistrate judge recommended that this case be dismissed and that Plaintiff's motion for contempt be denied. Plaintiff offers the following objections: (1) "the Magistrate Judge should have recommended that the Defendants' Motion to Dismiss [for lack of personal jurisdiction] be denied"; (2) "the Magistrate Judge erred in recommending dismissal under Rule 12(b)(6)"; and (3) "the Magistrate Judge should have recommended that my Motion for Contempt be granted." (Doc. 163).

## II.  STANDARD

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's order are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Rule 72 requires objections to be "specific":

> Each objection to the magistrate judge's recommendation
> should include how the analysis is wrong, why it was
> wrong and how de novo review will obtain a different result
> on that particular issue. Merely restating arguments
> previously presented, stating a disagreement with a
> magistrate judge's suggested resolution, or simply
> summarizing what has been presented before is not a
> specific objection that alerts the district court to the alleged
> errors on the part of the magistrate judge.

*Martin v. E.W. Scripps Co.,* No. 1:12CV844, 2013 U.S. Dist. LEXIS 155673, at *5 (S.D. Ohio Oct. 30, 2013) (citations omitted). "A general objection which does not specify the issues of contention is tantamount to filing no objections at all and does not satisfy the requirement that objections be filed." *Allen v. Ohio Dep't of Rehab. & Correction,* 202 F.3d 267 (6th Cir. 1999).

### III.  ANALYSIS

#### A. Objections to Magistrate Judge's Personal Jurisdiction Analysis

First, Plaintiff objects on the basis that Defendants waived the personal jurisdiction defense by entering a general appearance. The undersigned considered and rejected this argument in a prior order. (Doc. 156). Thereafter, Plaintiff offers a series of objections based upon the magistrate judge's purported misapplication of the "prima facie showing" standard as it relates to the issue of personal jurisdiction.

With respect to personal jurisdiction, the magistrate judge cited the following standard:

> "The plaintiff bears the burden of demonstrating that such
> jurisdiction exists…. Additionally, in the face of a properly
> supported motion for dismissal, the plaintiff may not stand
> on his pleadings but must, by affidavit or otherwise, set
> forth specific facts showing that the court has jurisdiction."

3

> *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991)(internal citations omitted). When the matter is resolved on written submissions alone, the plaintiff will satisfy his burden if he can make a "*prima facie* showing" of personal jurisdiction. By contrast, when a pretrial-evidentiary hearing is conducted, the preponderance-of-the-evidence standard applies. *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012)(citing *Serras v. First Tennessee Bank National Association,* 875 F.2d 1212, 1214 (6th Cir.1989)).

(Doc. 161, PageID 1285).

Plaintiff concedes that the magistrate judge cited the correct legal standard. Therefore, because the issue of personal jurisdiction was decided on the papers, Plaintiff was required to make a *prima facie* showing of the Court's personal jurisdiction over the Salazar Defendants. Plaintiff argues, however, that the magistrate judge misapplied the *prima facie* showing standard. Specifically, Plaintiff contends that the magistrate judge improperly weighed the evidence, when she was instead required to accept Plaintiff's allegations/evidence as true and disregard Defendants' allegations/evidence entirely. (Doc. 163-1, PageID 1317). The Court disagrees. To determine whether a plaintiff makes a *prima facie* showing of personal jurisdiction, "the court considers the pleadings in the light most favorable to the plaintiff and does not weigh the disputed facts, *although the court may consider the defendant's undisputed factual assertions.*" *Best v. At&T Inc.*, No. 1:12-cv-564, 2014 U.S. Dist. LEXIS 142776, at *4 (S.D. Ohio Sep. 16, 2014) (emphasis added).

Applying the above standard, the Court is not persuaded that: (1) the magistrate judge misapplied the standard; or (2) Plaintiff sustained his burden. Plaintiff offered multiple theories in support of personal jurisdiction, including the

4

theory that the Defendants physically dialed his number, thereby availing themselves of this Court's jurisdiction; however, the magistrate judge observed that this conclusory assertion was based on Plaintiff's conjecture. (Doc. 161, PageID 1293). Plaintiff also argued that the offending calls were placed by third parties and routed by Defendants' software through Defendants' California computers and networks. (Doc. 161, PageID 1295). Even accepting this assertion as true, though, the magistrate judge found such an argument insufficient to create jurisdiction in Ohio: "the hypothetical knowledge that a non-Ohio based . . . company, using Defendants' software, might call an Ohio customer in a manner that violates the TCPA, cannot be viewed as the Defendants' 'purposeful' availment in Ohio." (*Id.*) (citing *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 478 (6th Cir. 2003)). Finally, the magistrate judge even analyzed personal jurisdiction under an agency theory, despite Plaintiff's failure to properly assert such a basis for liability. (Doc. 161, PageID 1295). Accepting Plaintiff's contentions as true, however, the magistrate judge properly concluded that "Defendants' relationship with the calls is simply too insubstantial to support jurisdiction." (Doc. 161, PageID 1297).

Ultimately, when the magistrate judge accepted all of Plaintiff's non-conclusory allegations as true, they still failed to pass muster under Ohio's long arm statute and the Due Process clause. Accordingly, Plaintiff's objections relating to personal jurisdiction are not well taken.[1]

---

[1] In the portion of his brief objecting to the magistrate judge's personal jurisdiction analysis, Plaintiff also objected that the magistrate judge "misconstrued [his] claims." Specifically, he claims that the magistrate judge focused on his alternative ground for relief, while ignoring his primary ground. (Doc. 163-1, PageID 1318). Assuming *arguendo* that the magistrate judge ignored one of the theories of liability, Plaintiff fails

5

### B. Objections to the Magistrate Judge's Rule 12(b)(6) Analysis

Plaintiff objects to the magistrate judge's recommendation that the complaint also be dismissed on Rule 12(b)(6) grounds, arguing that the magistrate judge improperly relied upon documents beyond the four corners of the complaint. (Doc. 163-1, PageID 1326-27). However, Plaintiff does not direct the Court to what, if any, extrinsic evidence was improperly considered by the magistrate judge as part of the Rule 12(b)(6) analysis. The objection is thus too general to meet Rule 72's specificity requirement. *Martin v. E.W. Scripps Co.,* No. 1:12CV844, 2013 U.S. Dist. LEXIS 155673, at *5 (S.D. Ohio Oct. 30, 2013). The objection is thus overruled.

### C. Objections to the Magistrate Judge's Contempt Analysis

In objecting to the magistrate judge's denial of the Motion for Contempt, Plaintiff argues that the magistrate judge's "recommendation is based on two faulty conclusions: 1. that neither 'intentionality' nor bad faith has been demonstrated, and 2. that the statements are not material." (Doc. 163-1, PageID 1327). Plaintiff also argues that the Salazar Defendants lack credibility. (*Id*. at 1310-13). In this non-dispositive matter, the Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Plaintiff objects to the magistrate judge's "misguided" view of materiality/intentionality (*Id*. at 1328), but fails to establish clear error or that the magistrate judge's conclusion is contrary to law. Thus, the objection is overruled.

---

to offer how if at all such an error affected the magistrate judge's analysis of personal jurisdiction. The argument is thus not well taken.

6

## IV. CONCLUSION

For the foregoing reasons, and consistent with the above, the magistrate judge's report (Doc. 161) is **ADOPTED**, and:

(1) The Salazar Defendants' motion to dismiss for lack of personal jurisdiction (Doc. 124) is **GRANTED**; and

(2) Plaintiff's motion for civil and/or criminal contempt (Doc. 146) is **DENIED**.

This matter is **CLOSED AND TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                               *s/Michael R. Barrett*
                                               Hon. Michael R. Barrett
                                               United States District Judge