IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VINCENT LUCAS, | : | Case No. 1:16-cv-790 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | **ORDER ADOPTING IN PART THE** |
| | : | **REPORT AND** |
| DESILVA AUTOMOTIVE SERVICES, | : | **RECOMMENDATION AND** |
| et al., | : | **REOPENING THIS CASE AS TO** |
| | : | **DEFENDANTS CALLVATION, LLC** |
| Defendants. | : | **AND JEFFREY TORRES ONLY** |
| | : | |

This matter is before the Court on Plaintiff's objections (Doc. 172) to the Magistrate Judge's report and recommendation (Doc. 171) that: (1) this case be reopened as to Defendants Callvation, LLC and Jeffrey Torres; (2) Plaintiff's renewed motion for default judgment (Doc. 167) be denied; and (3) claims against Callvation and Torres be dismissed *sua sponte*. Plaintiff filed timely objections to the report and recommendation (Doc. 172). Defendants Callvation, LLC and Jeffrey Torres have not appeared in this matter and filed no response to Plaintiff's objections. For the reasons set forth below, the Court will **ACCEPT IN PART** the report and recommendation, **REOPEN** this case as to Defendants Callvation, LLC and Jeffrey Torres only, and **DENY WITHOUT PREJUDICE** Plaintiff's renewed motion for default judgment.

I.  BACKGROUND

The facts have been recited in several prior orders and will not be fully restated here. In sum, Plaintiff Vincent Lucas, an experienced *pro se* litigant, has initiated numerous actions against various defendants he alleges placed telemarketing calls to his home telephone number,

in violation of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and related state laws.

Although this action involved as many as 16 defendants at various times, claims have been resolved or dismissed as to all defendants, except Callvation, LLC and Jeffrey Torres. On March 31, 2019, the Court granted the Salazar defendants' motion to dismiss. (Doc. 165.) Based on the mistaken belief that the Salazar defendants were the only remaining defendants in this case, the Court closed the case. (Doc. 165 at PageID 1351.) Based on the Court's Order, the Clerk of Courts entered final judgment. (Doc. 166.) Three days later, Plaintiff filed a renewed motion for default judgment against Callvation and Torres and to reopen the case. (Doc. 167.) Plaintiff also filed a notice of appeal, appealing the Court's final judgment to the United States Court of Appeals for the Sixth Circuit. (Doc. 168.) The Magistrate Judge subsequently issued the report and recommendation at issue here, and Plaintiff filed his objections.

## II.   LEGAL STANDARD

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, a district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

**III.     ANALYSIS**

   **A. Threshold Jurisdictional Issue**

Because Plaintiff filed a notice of appeal, the Court must first determine whether it has jurisdiction to rule on the Plaintiff's renewed motion for default judgment. Typically, filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A)(iv), the notice of appeal does not become effective until the district court rules on a timely filed motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Thus, this Court retains jurisdiction to entertain a timely filed Rule 59(e) motion.

Plaintiff in this matter is proceeding *pro se*. Within the Rule 59(e) period, Plaintiff filed a document captioned, "Renewed Motion for Default Judgment Against Callvation, LLC and Jeffrey Torres; Reopen Case." (Doc. 167.) Although the motion does not mention Rule 59(e), it is clear from the text that Plaintiff requested that the judgment in this matter be altered or amended. Thus, as the Magistrate Judge properly recommended, the Court will construe the motion as one made under Rule 59(e) and retain jurisdiction to determine whether the judgment should be amended to reopen the case against Callvation and Torres.

   **B. Request to Reopen the Case**

The Court closed this case based on its mistaken belief that claims against all defendants had been resolved. Plaintiff played no role in that error. Because the Court's entry of judgment erroneously closed the case prematurely, the Court will **GRANT** Plaintiff's motion to amend the judgment and reopen the case against defendants Callvation and Torres only. The Magistrate Judge's report and recommendation will be **ACCEPTED** on this issue.

3

**C. Motion for Default Judgment Against Defendants Callvation and Torres**

Plaintiff filed his original complaint on July 27, 2016, naming only "John Doe" defendants. (Doc. 1.) On December 12, 2016, Plaintiff filed an amended complaint naming 16 individual defendants, including Callvation, LLC and Jeffrey Torres. (Doc. 3.) The Clerk of Court entered default as to Callvation, LLC on March 6, 2017, and as to Jeffrey Torres on May 15, 2017. (Docs. 58, 86.) However, on September 15, 2017, Plaintiff filed a second amended complaint, again alleging claims against Callvation and Torres. (Doc. 108.)

After the Clerk of Courts entered default against Callvation and Torres but before Plaintiff filed his second amended complaint, Plaintiff moved for default judgment against Callvation and Torres. (Doc. 93.) This Court denied Plaintiff's motion for default judgment against these two defendants because his second amended complaint became operative upon filing thereby mooting the Clerk's prior entry of default on the first amended complaint. (Doc. 156 at PageID 1227–35 (distinguishing *Intern. Controls Corp. v. Vesco*, 556 F.2d 665 (2nd Cir. 1977).) The Court explained that Plaintiff must request an entry of default and default judgment based on the operative complaint—the second amended complaint—against Callvation and Torres. (Doc. 156 at PageID 1234.)

Plaintiff failed to obtain an entry of default from the Clerk of Courts against Callvation and Torres on the second amended complaint. This Court then erroneously closed the case prematurely,[1] thereby inadvertently preventing Plaintiff from obtaining the Clerk's entry of default as required.[2] Plaintiff correctly notes in his objections that he could not seek a Clerk's

---

[1] As explained above, once the Court dismissed claims against certain other defendants for lack of personal jurisdiction, the Court mistakenly believed all claims had been resolved and closed the case. (Doc. 165.) The Clerk of Court then entered final judgment. (Doc. 166.)

[2] Once the Court denied Plaintiff's initial motion for default judgment against Callvation and Torres for failure to obtain an entry of default on the second amended complaint on March 31, 2018, Plaintiff had ample opportunity to

4

entry of default after the case was closed.  Thus, now that the Court is correcting its own error and reopening the case as to Callvation and Torres only, Plaintiff must seek an entry of default from the Clerk on the second amended complaint prior to moving this Court for default judgment.  Accordingly, the Court will **ACCEPT** the Magistrate Judge's recommendation that Plaintiff's renewed motion for default judgment against Callvation and Torres be **DENIED**.  However, as explained below, the denial will be without prejudice.

### D. Claims Against Callvation and Torres Should Not Be Dismissed at this Time

The Magistrate Judge correctly states that the only claims remaining involve a small number of telephone calls allegedly made by Callvation and Torres.  The Magistrate Judge recommends that this Court dismiss the remaining claims because Plaintiff did not seek default judgment promptly, the claims are "for relatively small (and likely uncollectable) statutory damages," and Plaintiff fails to state a legally cognizable claim against Torres.  (Doc. 171 at PageID 1395–1400.)  The Court disagrees.

First, as discussed above, the Court erroneously closed this case prematurely, thereby preventing Plaintiff from seeking an entry of default.  The Court declines to penalize a *pro se* Plaintiff for the Court's mistake.  In future litigation, however, Plaintiff is strongly encouraged to seek default judgment as soon as practicable after a defendant fails to appear.

Second, where the TCPA sets no minimum penalty for litigation, the Court declines to impose one.  Similarly, collectability is not properly before the Court at this juncture.

---

seek the entry of default prior to the Court's order dismissing the claims against other defendants on March 31, 2019.  (Docs. 156, 165.)  Plaintiff failed to do so.  However, since Plaintiff is proceeding *pro se* and had no reason to anticipate the Court would mistakenly enter final judgment prematurely, the Court will not penalize Plaintiff for his failure.  According to his Objections, Plaintiff mistakenly believed the Magistrate Judge preferred that he wait to seek an entry of default until "the end of the case."  (Doc. 172 at PageID 1403.)

Finally, to avoid dismissal for failing to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As summarized in a previous case:

> The TCPA prohibits a person from: (1) "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party"; or (2) making live calls to residential telephone numbers that have been placed on the national do-not-call registry. . . In *Dish Network*, [28 FCC Rcd. 6574, 6583, ¶¶ 26, 27 (2013)] the FCC clarified that a "telemarketer" is "the person or entity that initiates a [telemarketing] call," i.e., "takes the steps necessary to physically place a telephone call, and generally does not include persons or entities . . . that might merely have some role, however minor, in the causal chain that results in the making of a telephone call."

*Lucas v. Telemarketer Calling from (407)476-5680*, No. 18-3633, 2019 WL 3021233 at *5 (6th Cir. May 29, 2019). In addition, a related entity may "be held vicariously liable under traditional agency tenets, including 'not only formal agency, but also principles of apparent authority and ratification.'" *Id.* (quoting *Dish Network*, 28 FCC Rcd. at 6584, ¶ 28).

In his second amended complaint, Plaintiff alleges that Callvation used an automated system to initiate vehicle warranty sales calls even though his telephone number is on the national do-not-call registry and they have no existing business relationship. (Doc. 108 at PageID 612–13.) Plaintiff further alleges that Torres, "acting alone or in concert with others, personally formulated, directed, controlled, had the authority to control, or participated in" Callvation's calls to him. (*Id.* at PageID 614.) Accepting these allegations as true, Plaintiff has stated a claim that is plausible on its face. Accordingly, the Court declines to dismiss *sua sponte* Plaintiff's claims against Callvation and Torres.

## IV. CONCLUSION

For the foregoing reasons, the Court will **SUSTAIN IN PART** Plaintiff's objections to the report and recommendation.  Plaintiff's motion to reopen the case is **GRANTED.**  Plaintiff's renewed motion for default judgment is **DENIED AT THIS TIME**.  Plaintiff must obtain an entry of default from the Clerk of Courts and file a second renewed motion for default judgment **WITHIN 30 DAYS FROM THE DATE OF THIS ORDER**.  If Plaintiff fails to do so within 30 days, the Court will dismiss the remaining claims with prejudice for lack of prosecution.

**IT IS SO ORDERED**.

Dated:  September 24, 2020            /s/ *Michael R. Barrett*
　　　　　　　　　　　　　　　　　　Judge Michael R. Barrett
　　　　　　　　　　　　　　　　　　United States District Court