UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LUCAS,

    Plaintiff,

v.

DESILVA AUTOMOTIVE SERVICES, et al.,

    Defendants.

Case No. 1:16-cv-790

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Pursuant to local practice, this case has been referred to the undersigned for initial consideration of any dispositive motions. Currently pending before the Court are Plaintiff's motion for entry of default judgment, and a separate motion to vacate or withdraw Plaintiff's prior Notice of Appeal, with a corresponding return of the appellate docketing fee. Both motions should be granted.

**I.    Background**

Plaintiff Vincent Lucas ("Lucas") is an experienced pro se litigant who frequently litigates claims against Defendants that he believes have illegally placed telemarketing calls to his home telephone number.[1] Plaintiff initiated this lawsuit more than four years

---

[1] Plaintiff has pursued a dozen lawsuits in this Court, most of which contain similar allegations of illegal telemarketing practices. In addition to the above-captioned case, *see, e.g.,* Case No. 1:11-cv-409 (closed), Case No. 1:12-cv-630 (closed), Case No. 1:15-cv-108 (closed), Case No. 16-cv-1102, Case No. 1:16-cv-1127 (closed), Case No 1:17-cv-47 (closed); Case No. 1:17-cv-374, Miscellaneous Case No. 1:17-mc-02 (closed), Case No. 1:18-cv-664 (R&R pending recommending dismissal) and Case No. 2:18-cv-582(closed, appeal pending). Plaintiff also has informed this Court of related litigation he has pursued in several state courts.

1

ago by paying the requisite filing fee and filing a complaint that alleged that three "John Doe" Defendants had engaged in illegal telemarketing practices. Although Plaintiff failed to serve anyone with his original complaint, in December 2016 he filed an Amended Complaint. (Doc. 3).

Plaintiff's Amended Complaint greatly expanded (and changed) the factual underpinnings of his claims as well as the list of target Defendants from three John Does to sixteen individuals and entities.[2] Relevant to the current motions, the Amended Complaint alleged that two "vehicle warranty" calls were placed on May 16 and on June 1, 2016 from a number assigned to Defendant Callvation, LLC and were "initiated by" and "made" by Callvation "on behalf of Defendant Allied Vehicle Protection, as its agent." (Doc. 3 at ¶¶16-18, 21-24).

Plaintiff subsequently dismissed Defendant Allied Vehicle Protection and filed a Second Amended Complaint that deleted the allegations that Callvation acted as an "agent" of that dismissed Defendant, in favor of new allegations that Callvation was directly liable because it "initiated" the two calls shortly before its legal dissolution in Florida. (Doc. 108 at ¶22). Plaintiff is pursuing statutory damages under the TCPA and related Ohio law for the two calls both against the now-dissolved Callvation, and its former sole officer, Jeffrey Torres. He alleges that Defendant Torres "acting alone or in concert with others, personally formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Callvation." (*Id.* at ¶¶25-26).

---

[2]For example, the First Amended Complaint deleted references to "home security" calls. Notably, the same or very similar home security calls appear to have formed the basis for Plaintiff's separate complaints in Case Nos. 1:17-cv-374 and 1:18-cv-664.

2

Plaintiff ostensibly obtained service on Callvation through service on that entity's registered agent in February 2017, although service occurred on a date *after* the dissolution of that entity.[3] (Docs. 15, 36). Plaintiff had more difficulty serving Jeffrey Torres, but alleges he eventually located and served the correct Defendant at his parents' home. (Doc. 35, 78).[4] Plaintiff obtained entries of default against both Callvation and Torres on his first amended complaint, but failed to do so on his Second Amended Complaint until very recently.

On October 19, 2017, the undersigned filed a Report and Recommendation ("R&R") that recommended rulings on multiple motions, including denial of Plaintiff's motion for default judgment against Defendants Callvation and Torres, based upon Plaintiff's failure to first obtain entries of default on the operative second amended complaint. (Doc. 122 at 7). On March 31, 2018, Judge Barrett largely adopted the recommended rulings for the opinion of the Court. (*See* Doc. 156). In other words, the Court held that all prior entries of default against the Defendants had been rendered moot, and that Plaintiff would be required to seek new entries of default against the referenced Defendants based on his second amended complaint.

On March 31, 2019, Judge Barrett adopted another R&R that recommended dismissal of all claims against a group of Defendants called the "Salazar Defendants." (*See* Docs. 124, 164, 165). Based upon a mistaken belief that *all* matters had been resolved by the dismissal of the Salazar Defendants, Judge Barrett directed the case to

---

[3]Callvation was dissolved soon after the offending calls, on December 19, 2016. (Doc. 35-1).
[4]Plaintiff identified more than 100 persons with the same name who might be the correct Defendant, prior to service. The executed certified mail form contains an illegible signature, which the undersigned can only assume to be that of Mr. Torres, since the place for "printed name" has been left blank.

3

be "CLOSED AND TERMINATED from the active docket of this Court." (*Id.* at 7). A final judgment was entered on the same date. (Doc. 166).

Plaintiff reacted by doing two things: (1) filing a Notice of Appeal (Doc. 168); and (2) filing a "Renewed Motion for default judgment against Callvation, LLC and Jeffrey Torres; Reopen Case." (Doc. 167 at 1). In an R&R filed on August 5, 2019, the undersigned construed Plaintiff's motion as a motion seeking to alter or amend the judgment under Rule 59. Although the undersigned concluded that the court had erred in prematurely closing the case and that the judgment should be modified, the undersigned recommended that default judgment against Callvation and Torres still be denied based upon Plaintiff's longstanding failure to obtain entries of default against those two Defendants on the second amended complaint. The undersigned further recommended that the claims against those two Defendants be dismissed *sua sponte* based upon Plaintiff's delay in seeking entries of default.

On September 28, 2020, Judge Barrett partially adopted the R&R. Judge Barrett agreed that the motion should be construed under Rule 59 and judgment reopened, and further agreed that the motion for default judgment should be denied for the same reasons stated in the March 31, 2018 R&R - the failure of Plaintiff to first obtain entries of default on the second amended complaint. However, the Court concluded that Plaintiff should be given one final opportunity to obtain those entries of default. The Court agreed that Plaintiff is an "experienced pro se litigant" who had failed to avail himself of "ample opportunity" to obtain the entries. (Doc. 173 at 1 and 4-5, n.2). Still, in light of the Court's own error in prematurely dismissing the case, the Court stated it would "not penalize Plaintiff for his failure." (*Id.* at n.2). The Court therefore directed Plaintiff to obtain an

entry of default and file a second renewed motion for default judgment within thirty days. (*Id.*)

Plaintiff complied with the Court's Order by obtaining new entries of default against both Defendant Callvation and Defendant Torres on September 30, 2020, (Doc. 175). Plaintiff then promptly moved for the entry of default judgment. (Doc. 176). In addition, Plaintiff has filed a motion to "vacate" the filing fee he previously paid when he filed his Notice of Appeal, and to refund that fee. (Doc. 177).

## II.  Analysis

### A.  Motion for Default Judgment Against Callvation and Torres

The present motion constitutes Plaintiff's third attempt to obtain a default judgment against the same two Defendants for two offending phone calls that allegedly were placed to Plaintiff's residential phone line in May and June 2016. The two Defendants remaining in this case are: (1) Callvation,[5] a company that was dissolved in Florida in 2016, shortly after the two offending phone calls; and (2) an individual who was alleged to be the sole officer of the now-dissolved company. The Court denied Plaintiff's prior two motions based upon Plaintiff's failure to first obtain the requisite entries of default on his second amended complaint. Now that Plaintiff has cured that defect, and the Court has determined that Plaintiff has stated a "plausible" claim against both the defunct entity and its former officer,[6] Plaintiff's motion should be granted.

---

[5] Plaintiff's theory of liability against Callvation changed with different iterations of his complaint. Although he initially alleged that Callvation was liable under an agency theory for calling on behalf of another party, he amended his complaint after dismissing that party to omit the reference to agency theory, and to allege instead that Callvation directly initiated the two calls. (Doc. 108 at ¶¶16-22).

[6] In addition to the failure to obtain an entry of default, the undersigned alternatively recommended that judgment be denied as to Defendant Torres alone based upon Plaintiff's failure to allege facts to support his legal conclusions under *Iqbal* standards. However, Judge Barrett held that the allegation that Torres

### B. Motion to Vacate/Withdraw Notice of Appeal and Return Filing Fee

When this Court prematurely entered judgment and closed the above-captioned case on March 31, 2019, Plaintiff quickly filed a Notice of Appeal in addition to a motion seeking to "reopen" the case. Plaintiff paid the appellate filing fee of $505.00. However, no appeal was ever docketed in the Court of Appeals for the Sixth Circuit because ultimately, there was no final judgment from which to appeal. Instead, this Court construed Plaintiff's motion under Rule 59 and granted that motion, setting aside the final judgment that had been entered in error.

Technically, the pendency of a Rule 59 motion stays the effectiveness of a Notice of Appeal until the prior judgment is affirmed or a new judgment is entered. In this case, no final judgment will be entered unless and until the Court adopts this R&R and closes the case. However, because the undersigned recommends granting Plaintiff the relief that he seeks, it is unlikely that he will wish to pursue any appeal. Because the original error in prematurely closing the case was made by this Court and no Notice of Appeal has (yet) been docketed in the Sixth Circuit, Plaintiff's motion should be granted.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:** (1) Plaintiff's third motion for default judgment against Defendants Callvation and Torres (Doc. 176) should be **GRANTED;** (2) a judgment in the amount of $5700.00 should be entered in Plaintiff's favor for the two illegal calls against Defendants Callvation and Torres, who should be held jointly and severally liable; (3) Plaintiff's motion to vacate or withdraw his Notice of Appeal (Doc. 177)

---

"act[ed] alone or in concert with others, personally formulated, directed, controlled, had the authority to control, or participated in" the two calls was sufficient to state a "plausible" claim (Doc. 173 at 6).

also should be **GRANTED**, with the Clerk of Court directed to return to Plaintiff the previously paid appellate filing fee ($505); (4) this case should be CLOSED after the docket is corrected to reflect the termination of all parties.[7]

                                                 *s/Stephanie K. Bowman*
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge

---

[7]The docket should be corrected to reflect Plaintiff's prior dismissal of all claims against James and Gregory Filippo, Protect Us Now, LLC and Vilfil Translation Services, LLC (Doc. 156, granting Doc. 94).

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

VINCENT LUCAS,

    Plaintiff,

v.

DESILVA AUTOMOTIVE SERVICES, et al.,

    Defendants.

Case No. 1:16-cv-790

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).